Marjorie S. Fochtman, Bar No. 143201
Paul R. Lynd, Bar No. 202764
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendant
CARGILL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL,<br><br>                Plaintiff,<br><br>vs.<br><br>CARGILL, INC., a corporation; PATRICK MAPELLI, an individual; LES ICETON, an individual; and DOES 1 through 100, inclusive,<br><br>                Defendant. | Case No. CV08-2422 DCS<br><br>**NOTICE OF FILING REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION AND FRAUDULENT JOINDER)** |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Cargill, Inc. ("Cargill"), a defendant in Case No. RG08380935 filed in the Superior Court of the State of California in and for the County of Alameda, has filed in the United States District Court for the Northern District of California a Notice of Removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446. It also has filed notice of such removal in the Alameda County Superior Court.

A true and correct copy of the Notice of Removal, filed by Cargill in the United States District Court for the Northern District of California is attached hereto as Exhibit 1. A true and

//

11011806.1

1   correct copy of the state court notice filed by Cargill is attached hereto as Exhibit 2.

2   DATED: May 12, 2008                           NIXON PEABODY LLP

3

4                                                 By: _____

5                                                      PAUL R. LYND
                                                       Attorneys for Defendant
6                                                      CARGILL, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF FILING REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND
1446**                                                               11011806.1

EXHIBIT 1

Marjorie S. Fochtman, Bar No. 143201
Paul R. Lynd, Bar No. 202764
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendant
CARGILL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CV 08 2422**

DELORA MARSHALL,

                    Plaintiff,

        vs.

CARGILL, INC., a corporation; PATRICK
MAPELLI, and individual; LES ICETON, an
individual; and DOES 1 through 100, inclusive,

                    Defendant.

Case No. _____

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. §§ 1332, 1441
AND 1446 (DIVERSITY JURISDICTION
AND FRAUDULENT JOINDER)**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA:**

        Defendant Cargill, Inc. ("Cargill") hereby removes the above-entitled civil action to this

Court from the Superior Court of the State of California in and for the County of Alameda.  This

action is properly removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because of the

diversity of citizenship between the parties and the fraudulent joinder of Defendant Patrick Mapelli

("Mapelli"), who has not been served in this action.

                            **Procedural History**

        1.        On April 9, 2008, Plaintiff filed this action against her former employer, Cargill, Inc.,

and two Cargill employees, Mapelli and Les Iceton ("Iceton"), in their individual capacities, in the

Superior Court of the State of California in and for the County of Alameda, entitled *Delora Marshall*

---

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

11011816.1

1    *v. Cargill, Inc., a Corporation, Patrick Mapelli, an Individual, Les Iceton, an Individual, and Does*

2    *through 100, inclusive*, Case No. RG08380935. Plaintiff's Complaint for Damages alleges claims

3    against Cargill for (1) age discrimination in violation of the California Fair Employment and Housing

4    Act ("FEHA"), (2) failure to prevent age discrimination in violation of the FEHA, (3) disability

5    discrimination in violation of the FEHA, (4) wrongful termination in violation of public policy, (5)

6    retaliation in violation of the FEHA, (6) retaliation in violation of public policy, and (7) violation of

7    California Labor Code section 923.  Plaintiff sues Mapelli and Iceton in their individual capacities for

8    (1) age discrimination in violation of the FEHA, (2) failure to prevent age discrimination in violation

9    of the FEHA, (3) disability discrimination in violation of the FEHA, (4) wrongful termination in

10   violation of public policy, (5) retaliation in violation of the FEHA, and (6) retaliation in violation of

11   public policy.  A true and correct copy of the Complaint for Damages is attached hereto as Exhibit A,

12   along with the Summons and Service of Process Transmittal.

13       2.    On or about April 10, 2008, a copy of Plaintiff's Complaint for Damages and

14   Summons was served upon Cargill to CT Corporation, Cargill's registered agent in California. *See*

15   Exh. A, Service of Process Transmittal.

16       3.    On April 11, 2008, the state court issued a Notice of Case Management Conference

17   and Order, along with a Notice of Judicial Assignment for All Purposes.  A true and correct copy of

18   these documents are attached hereto as Exhibit B.

19       4.    On May 7, 2008, Cargill filed an Answer to Plaintiff's Complaint for Damages in the

20   Superior Court of the State of California in and for the County of Alameda, a file-endorsed copy of

21   which is attached hereto as Exhibit C.

22       5.    To Cargill's knowledge, the Complaint for Damages and Summons attached as

23   Exhibit A, and Cargill's Answer to Plaintiff's Complaint for Damages attached as Exhibit B,

24   constitute all of the state court pleadings, process, and orders to date.

25       6.    Cargill is informed and believes, and on that basis alleges, that individual defendants

26   Mapelli and Iceton have not been served in this action.  Parties who have not been served are not

27   required to join in a removal petition. *Salveson v. Western States Bankcard Association*, 731 F.2d

28   1423, 1429 (9th Cir. 1984)("Our circuit rule is that a party not served need not be joined; the

-2-

defendants summonsed can remove by themselves."). Accordingly, as the only defendant served, Cargill may properly remove the action to this Court without the joinder or consent of the non-served defendants.

7.      The filing of this Notice of Removal is timely as it has been filed within 30 days after initial service of a Complaint and summons upon a named defendant, as required under 28 U.S.C. §1446(b).

8.      Cargill will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. section 1446(d) and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Alameda, as further required by that statute.

## Removal Based on Diversity Jurisdiction

9.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, this action involves citizens of different states and complete diversity (disregarding fraudulently joined defendant Mapelli). The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff alleges that she suffered compensatory damages and emotional distress damages, plus she seeks punitive damages.

10.     Cargill is informed and believes, and based on the allegations in Plaintiff's Complaint for Damages, alleges that Plaintiff was, and still is, a citizen of the State of California. *See* Exh. A, Complaint, ¶ 1.

11.     Cargill was at the time of the filing of this action, and still is, a corporation. For the purposes of diversity jurisdiction, citizenship of a corporation is its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Minnesota. *See* Exh. A, Complaint, ¶ 3. Accordingly, Cargill is not a citizen of the state in which this action is pending and is, in fact, a citizen of a different state than Plaintiff.

12.     Iceton is a citizen of the State of Minnesota. *See* Exh. A, Complaint, ¶ 5. Accordingly, Iceton is not a citizen of the state in which this action is pending and is, in fact, a citizen

-3-

1    of a different state than Plaintiff.

2        13.    In determining diversity jurisdiction, the Court disregards a non-diverse party named

3    in the state court complaint "if the non-diverse party is joined as a sham or if the joinder is

4    fraudulent." *Plute v. Roadway Package System, Inc.*, 141 F. Supp.2d 1005, 1008 (N.D. Cal. 2001).

5    Joinder is fraudulent where "the plaintiff fails to state a cause of action against the resident defendant,

6    and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*,

7    236 F.3d 1061, 1067 (9th Cir. 2001). A defendant who seeks removal "is entitled to present the facts

8    showing the joinder to be fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th

9    Cir. 1987). Courts may look to the pleadings and consider evidence to determine a claim of

10    fraudulent joinder. *Morris, supra*, 236 F.3d at 1067.

11        14.    Plaintiff's joinder of Mapelli is fraudulent and should be disregarded in determining

12    whether complete diversity of citizenship exists. Under well-settled California law, Plaintiff fails to

13    state a cause of action against Mapelli on any of her claims as a matter of law. Plaintiff's First and

14    Third Causes of Action against Mapelli attempt to sue him individually for age and disability

15    discrimination, respectively, under the FEHA. The California Supreme Court has held that a

16    supervisor cannot be sued individually for discrimination under the FEHA. *Reno v. Baird*, 18 Cal.4th

17    640, 663 (1998). Plaintiff's second cause of action against Mapelli, for failure to prevent

18    discrimination in violation of the FEHA, fails for the same reason. California law does not recognize

19    an independent claim for failure to prevent discrimination without a finding that the defendant also

20    engaged in discrimination in violation of the FEHA. *Trujillo v. North County Transit Dist.*, 63

21    Cal.App.4th 280, 289 (1998). Because the California Supreme Court's decision in *Reno* precludes

22    Plaintiff from establishing the requisite underlying claim of discrimination, Plaintiff cannot sue

23    Mapelli for failure to prevent discrimination. Likewise, Plaintiff's Fourth Cause of Action for

24    wrongful termination in violation of public policy fails. Plaintiff bases this claim on the public

25    policies in the FEHA and article 1, section 8 of the California Constitution, which she alleges prohibit

26    age and disability discrimination as a matter of public policy. *See* Exh. A, Complaint, ¶¶ 2, 60. In

27    *Reno*, the California Supreme Court further held that a supervisor cannot be sued individually for

28    wrongful termination in violation of public policy based on the FEHA, because the individual cannot

-4-

be sued directly under the FEHA. *Reno, supra,* 18 Cal.4th at 664. Furthermore, the California

Constitution does not apply to termination of employment based on age or disability. See Cal.

Const., art. I, § 8 (person may not be disqualified from employment "because of sex, race, creed,

color, or national or ethnic origin"). Plaintiff cannot pursue her Fifth Cause of Action against

Mapelli for retaliation in violation of the FEHA. Again, the California Supreme Court has held that a

supervisor cannot be sued individually for retaliation under the FEHA. *Jones v. The Lodge at Torrey

Pines Partnership,* 42 Cal.4th 158, 1173 (2008). Finally, Plaintiff cannot state a cause of action

against Mapelli for retaliation in violation of public policy. Once again, California law does not

permit suit against a manager as an individual for retaliation in violation of public policy. *Id. See

also Gaw v. Arthur J. Gallagher & Co.,* 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) *4-*7.

Thus, Plaintiff's Sixth Cause of Action against Mapelli fails as well. Accordingly, because Plaintiff

fails to state a cause of action against Mapelli on any of her claims against him, Plaintiff has

fraudulently joined him in this action.

     15.    The defendants designated as Does 1 through 100 are fictitious defendants. Thus, they

are not parties to this action. Unnamed defendants, such as Doe defendants, are not required to join

in a removal petition. The Court disregards their citizenship for purposes of determining diversity.

28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).

### Amount in Controversy

     16.    Removal jurisdiction exists where original jurisdiction would also have existed, and

the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v.

Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If a Complaint on its face alleges that the amount in

controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the

other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332. The

court may, for removal purposes, look to the removal papers for underlying facts establishing the

jurisdictional limit. *Gaus, supra,* 980 F.2d at 566 (9th Cir. 1992). If the allegations in a Complaint

do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum,

the removing party need only demonstrate by a preponderance of the evidence that the jurisdictional

minimum amount is in controversy. *Singer v. State Farm Mutual Auto. Ins. Co.,* 16 F.3d 373, 376

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

11011816.1

(9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

17.    Although Plaintiff's Complaint does not state a specific dollar amount of damages that she seeks, Plaintiff alleges seven causes of action against Cargill related to her former employment: (1) age discrimination in violation of the FEHA, (2) failure to prevent age discrimination in violation of the FEHA, (3) disability discrimination in violation of the FEHA, (4) wrongful termination in violation of public policy, (5) retaliation in violation of the FEHA, (6) retaliation in violation of public policy, and (7) violation of California Labor Code section 923. Plaintiff seeks "compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money" on her claims. Exh. A, Complaint, p. 14: 19-21. Additionally, Plaintiff alleges that she "has suffered, and is continuing to suffer anxiety, depression, and additional physical and emotional distress damages," as well as that she suffered emotional distress because she "was held up to great derision and embarrassment with fellow workers, friends, members of the community and family." Exh. A, Complaint, ¶¶ 79-80. She alleges that her emotional distress damages are "substantial and enduring." Exh. A, Complaint, ¶ 81. Furthermore, Plaintiff seeks an award of punitive damages on her claims against Cargill. Exh. A, Complaint, ¶ 85.

18.    Compensatory (actual) damages and potential punitive damages may be considered when determining the amount in controversy. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society of Alabama*, 320 U.S. 238, 240 (1943). *See also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164, 1168 (D. Nev. 2006)("It is well established that punitive damages are part of the amount in controversy in a civil action").

19.    Several court decisions and jury verdicts demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has alleged claims of discrimination and retaliation related to disability and age. For example, in *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007), the plaintiff was awarded $284,000 in compensatory damages, plus $1 million in punitive damages, for claims of disability discrimination and retaliation related to complaints of age discrimination. *Id.* at 419. *In*

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

11011816.1

*McGee v. Tucoemas Federal Credit Union*, 153 Cal.App.4th 1351 (2007), the plaintiff was awarded $1.24 million in compensatory damages, plus $1.2 million in punitive damages, for disability discrimination and retaliation. *Id.* at 1356.

20.    Plaintiff also seeks attorney's fees pursuant to the FEHA, under California Government Code section 12965(b). Exh. A, Complaint, ¶ 86, p. 14: 25. The attorney's fees claim is included in determining the amount in controversy where, as here, Plaintiff claims attorney's fees pursuant to statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)("When an underlying statute authorizes an award of attorneys' fees, . . .such fees may be included in the amount in controversy."). Attorney's fees awards in cases brought under the FEHA have been substantial, and well in excess of the jurisdictional minimum standing alone. *Wysinger, supra*, 157 Cal.App.4th at 420 (award of $978,791 in attorney's fees in disability discrimination and retaliation case); *Flannery v. Prentice*, 26 Cal.4th 572, 576 (2001)($1,088,231 attorney's fees award under FEHA); *Dwyer v. Crocker National Bank*, 194 Cal.App.3d 1418 (1987)($75,258 attorney's fees award under FEHA).

21.    Based on the foregoing, Cargill has abundantly carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

22.    For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Cargill to this Court pursuant to 28 U.S.C. section 1441(a). It is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. It also is between citizens of different states, when fraudulently joined defendant Mapelli is properly excluded.

## Venue

23.    Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a) and 1441(a) because this Court's territorial jurisdiction includes Alameda County, California, where the state court action was filed and is pending.

## Notice to State Court and to Plaintiff

24.    Cargill will give prompt notice of the filing of this Notice of Removal to Plaintiff and

-7-

1    to the Clerk of the Superior Court of the State of California in and for the County of Alameda.  The

2    Notice of Removal is concurrently being served on all parties.  A copy of the notice to the state court

3    is attached hereto as Exhibit D.

4        WHEREFORE, Cargill respectfully gives notice that the above-entitled action now pending

5    against it in the Superior Court of the State of California in and for the County of Alameda, Case No.

6    RG08380935, is removed to this Court.

7    DATED: May 12, 2008                              NIXON PEABODY LLP

8

9                                                     By:  _____

10                                                         PAUL R. LYND
                                                          Attorneys for Defendant
11                                                         CARGILL, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446                                    11011816.1

EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/11/2008
CT Log Number 513304948

TO:   JoAnne Shafer
      Cargill, Incorporated
      Cargill Office Center, 15407 McGinty Road West
      Wayzata, MN 55391

RE:   **Process Served in California**

FOR:  Cargill, Incorporated (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Delora Marshall, Pltf. vs. Cargill, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s), Stipulation form |
| **COURT/AGENCY:** | Alameda County, Oakland, Superior Court, CA Case # RG08380935 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On April 3, 2008 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/10/2008 at 14:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Barbara Figari Law Offices of Michael Hoffman 22 battery Street Ste 1000 San Francisco, CA 94111 415-362-1111 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2008, Expected Purge Date: 04/16/2008 Image SOP - Page(s): 26 Email Notification, JoAnne Shafer joanne_shafer1@cargill.com Email Notification, Karen Gooch karen_gooch@cargill.com Email Notification, Trisha Smith trisha_smith@cargill.com Email Notification, Karen Kepler Karen_Kepler@cargill.com Email Notification, Brad Wiggins Brad_Wiggins@Cargill.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CALENDARED

4/10/08 → 2:30P

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARGILL, INC., a Corporation, Patrick Mapelli, an Individual, Les
Iceton, an Individual, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DELORA MARSHALL

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 0 9 2008

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Rene C. Davidson Alameda County Courthouse  1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* **RG 0 8 3 8 0 9 3 5** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Hoffman, Esq., Barbara Figari, Esq.  Law Offices of Michael Hoffman  22 Battery Street, Ste. 1000  San Francisco, CA 94111  (415) 362-1111

DATE: *(Fecha)* APR 0 9 2008    PAT S. SWEETEN Clerk, by _____ Esther Coleman _____, Deputy
                                       *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  Cargill Inc, a Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

1057591401 - 4/9/2008 10:32:36 AM

LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel   (415) 362-1111
Fax   (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorney for Plaintiff

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 0 9 2008

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

DELORA MARSHALL

    Plaintiff,

vs.

CARGILL, INC., a Corporation, Patrick
Mapelli, an Individual, Les Iceton, an
Individual, and DOES 1 through 100,
inclusive

    Defendants.

Case No.  **RG08380935**

**COMPLAINT FOR DAMAGES**

1. Age Discrimination in Violation of FEHA
2. Failure to Prevent Age Discrimination in Violation of FEHA
3. Disability Discrimination in Violation of FEHA
4. Wrongful Termination
5. Retaliation in Violation of FEHA
6. Retaliation in Violation of Public Policy
7. Violation of Labor Code § 923

# BY FAX

**DEMAND FOR JURY TRIAL**

Plaintiff Delora Marshall complains against Cargill, Inc., a Corporate Defendant, Patrick
Mapelli, an Individual Defendant, Les Iceton, an Individual Defendant, and DOES 1 through
100, inclusive, and demands a trial by jury of all issues and for causes of action alleges:

## PARTIES AND JURISDICTION

1. At all pertinent times mentioned in this Complaint, Plaintiff Delora Marshall was a
resident of the State of California, and the County of Alameda.

2.  Plaintiff is a member of a protected class within the meaning of the California Fair Employment and Housing Act (FEHA), California Government Code § 12920 *et. seq.* Plaintiff is over forty (40) years of age, has a disability as defined by the FEHA, and has opposed employment practices prohibited under FEHA; specifically discrimination, harassment and retaliation based upon Plaintiff's age and disability.

3.  Cargill, Inc. a Delaware Corporation [hereinafter "Corporate Defendant"] is an international provider of food, agricultural and risk management products and services. Its principal place of business is in Wayzata, Minnesota.

4.  Defendant Patrick Mapelli is a Property Manager employed by the Corporate Defendant and is a California resident.

5.  Defendant Les Iceton is a Human Resources director employed by the Corporate Defendant and is a Minnesota resident.

6.  At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In engaging in the conduct alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

## ADMINISTRATIVE REMEDIES

7.  Plaintiff timely filed a charge of discrimination against the Defendants with the California Department of Fair Employment and Housing (DFEH).

8.  Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

9.  This action is not preempted by the California Workers' Compensation Act because

discrimination, harassment, and retaliation are not risks or conditions of employment.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

10. Plaintiff began her employment with the Land Department of Cargill, Inc. in the Fall of 1988, after working for Leslie Salt Co., a company affiliated with Cargill at its Newark, California location, as a Locomotive Driver. Plaintiff began her employment with Cargill as a Secretary at the Newark, California office.

11. At the time of Plaintiff's termination, Plaintiff was an Administrative Assistant in the Land Management department of the Newark, California Cargill office. Plaintiff earned approximately sixty-one thousand dollars ($61,000) per year, in addition to health and retirement benefits. Plaintiff was terminated on April 2, 2008.

12. During her tenure in the Land Department of Cargill, Plaintiff worked directly for the Property Engineer, Land Manager, Public Affairs Manager, and Environmental Manager. Plaintiff also provided support to other departments outside of the Land Department on an as-needed basis, including, but not limited to, the Vice President of Land, Law Department, Tax Department, and Controller, all of whom were employed at the Corporate office of Cargill in Minnesota.

13. From approximately 1996 until March 1, 2007, Plaintiff was directly supervised by Robert C. Douglass, the Manager of Real Property at Cargill's Newark, California office.

14. During this time, Plaintiff also worked closely with Chuck Taylor, the Property Engineer at Cargill's Newark, California office.

15. Throughout Plaintiff's employment with Cargill, Plaintiff was consistently recognized as a good performer, and received marks indicating "Outstanding," "Very Good," "Exceeds Expectations" and/or "Meets Expectations" in all areas of her performance reviews prior to the promotion of Mr. Mapelli to Manager of Real Property in March, 2007.

16. In addition, Plaintiff was recognized as an outstanding employee and instrumental actor in the successful sale Cargill made to Abbott Laboratories in approximately December 2000/January 2001. Plaintiff was further recognized for her participation as part of the Newark Innovation Team on March 3, 2005.

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

17. Plaintiff did not receive poor performance reviews, and was not subject to discipline prior to the promotion of Mr. Mapelli to Manager of Real Property in March, 2007.

18. On June 8, 2006, Ashley Perreira, the niece of Cargill employee Patrick Mapelli, was hired for the position of Part-Time Clerk in the Land Department. The description of Ms. Perreira position states that Ms. Perreira was to report to Plaintiff.

19. In approximately October, 2006, Chuck Taylor retired after fifteen (15) years in his position as Property Engineer in the Land Department. Patrick Mapelli then took over Mr. Taylor's position, and began working as the Project Manager under Robert Douglass.

20. From November 2006 through approximately March 2007, Plaintiff was on disability leave due to an illness called clostridium difficile (C.diff). C.diff is a bacterial infection that ranges in severity, but can result in death if not treated properly. Plaintiff was hospitalized for this condition on multiple occasions. During Plaintiff's disability leave, Plaintiff sporadically came into the office to work, but did not return on a full time basis until March 2007. During Plaintiff's illness, Plaintiff lost a significant amount of weight, and dropped to approximately ninety (90) pounds. At all times Plaintiff was under the care of various physicians at Kaiser Permanente.

21. Upon Plaintiff's return to work, Plaintiff was approached by Cargill employee Terry Lewis, a close friend of Mr. Mapelli's. Mr. Lewis told Plaintiff that his wife had C.Diff, but that she had only been off of work for one day.

22. In approximately March, 2007, Mr. Douglass retired, and Mr. Mapelli was promoted to the Manager of Real Property at Cargill's Newark, California office.

23. Mr. Mapelli completed his first performance review of Plaintiff on May 21, 2007. Mr. Mapelli met with Plaintiff at that time to discuss Plaintiff's performance review. Mr. Mapelli began the meeting by stating that he "had no idea" what Plaintiff did. Mr. Mapelli proceeded to give Plaintiff mediocre marks.

24. Mr. Mapelli, in violation of Cargill company policy, directed his niece, Ms. Perreira, to type Plaintiff's performance review. In further violation of Cargill company policy, Mr.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-4-

Mapelli completed the performance review of his niece, Ms. Perreira. Ms. Perreira received all high marks on her performance review.

25. During this time, one of Plaintiff's responsibilities was to train Ms. Perreira. Plaintiff asked that, because Ms. Perreira received high marks on her performance review, that indicated that Plaintiff had performed well in training Ms. Perreira to do her job as the part time clerk. Plaintiff further pointed out that her own performance review did not even mention the fact that Plaintiff trained Ms. Perreira, much less recognize Plaintiff for the fact that she had trained Ms. Perreira well. Mr. Mapelli did not respond to Plaintiff's inquiry.

26. Plaintiff approached Aileen Fox, the Human Resources Manager in the Newark, California office, and asked for assistance in correcting the falsities that Mr. Mapelli had written in Plaintiff's performance review. Ms. Fox told Plaintiff it was "too bad" because Plaintiff had already signed her performance review, as directed to do so by Mr. Mapelli. Plaintiff then told Ms. Fox that she would be writing a rebuttal to her performance review, and asked that her rebuttal be placed in her personnel file. Ms. Fox told Plaintiff that "I could put it in your file, but it won't mean a thing."

27. Throughout the spring, summer and fall of 2007, Mr. Mapelli continued to express open hostility to Plaintiff at work, by blaming Plaintiff for taking actions and/or failing to take actions, directing his niece, Ms. Perreira, to keep a log of all of Plaintiff's arrivals, departures, breaks, and conversations Plaintiff had with others at the workplace, accusing Plaintiff of making mistakes at work, and refusing to apologize or even acknowledge his error when Plaintiff would prove to Mr. Mapelli that no mistake was made and/or Mr. Mapelli was wrong in his accusation, and blaming Plaintiff for mistakes that Ms. Perreira made, while not even approaching Ms. Perreira upon learning of her errors.

28. Throughout this time, Plaintiff also began suffering from incontinence. Although Plaintiff took all preventative measures available, Plaintiff, on a couple of occasions, lost control of her bladder in front of other employees at work, and had to go home to change clothing. Plaintiff informed Mr. Mapelli, in the summer or fall of 2007, of her condition,

22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-5-

and explained that, at times, Plaintiff would need to go home and change clothing. Plaintiff lives less than five (5) minutes away from the Cargill office. Mr. Mapelli indicated understanding of Plaintiff's condition. However, despite his understanding of the situation, Mr. Mapelli continued to discipline Plaintiff when Plaintiff suffered continued bladder issues by, among other actions, accusing Plaintiff of leaving the workplace without notice, and leaving for "hours" at a time.

29. Mr. Mapelli continued to create a hostile work environment for Plaintiff. In addition to the above-mentioned activities, including falsely accusing Plaintiff of errors, and continuing to give Plaintiff substandard performance reviews, Plaintiff began to realize that Mr. Mapelli was grooming his twenty-two year old niece, Ms. Perreira, for Plaintiff's position.

30. Specifically, although Part-Time Clerks are normally temporary positions, Ms. Perreira has been working in her position for approximately two (2) years. Ms. Perreira is permitted to work at night and on weekends to earn enough hours to have benefits through Cargill, though other employees, including but not limited to Plaintiff, are told that they should not make a regular practice of working at night and on weekends. Further, Ms. Perreira has consistently told Plaintiff that her benefits are of utmost importance to Ms. Perreira. Ms. Perreira is to graduate from college this spring, just a few weeks after Plaintiff was wrongfully terminated by Mr. Mapelli, Ms. Perreira's uncle.

31. Due to the stress Plaintiff experienced from the hostile work environment created and continued by Mr. Mapelli, Plaintiff went on disability leave in approximately November 2006. Plaintiff was diagnosed with work-related stress.

32. In February, 2008, Plaintiff made a formal complaint to Aileen Fox, the Human Resources Manager at the Newark, California office of Cargill. Plaintiff complained of ageism and nepotism on the part of Mr. Mapelli.

33. On February 29, 2008, Plaintiff participated in a phone call with Ms. Fox regarding Plaintiff's return to work in March 2007. At that time, Ms. Fox conferenced in Les

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

LAW OFFICE OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Iceton from Cargill's corporate office. Mr. Iceton expressed that he did not know why Plaintiff wanted to return to work, and stated that "when you come back to work, you [Plaintiff] know Pat's [Mr. Mapelli] just going to fire you, right?"

34. Plaintiff returned to work in March 2008, and, approximately one (1) week after Plaintiff returned, Chris Newman, a consultant hired by Cargill, arrived to conduct a formal internal investigation of Plaintiff's complaint.

35. Although Plaintiff requested that her attorney be present during Ms. Newman's questioning of Plaintiff, Ms. Newman stated that written Cargill policies governing internal investigations prohibited the presence of Plaintiff's attorney. Although Ms. Newman promised that she would get Plaintiff a copy of those written policies, Plaintiff later learned that no such policies ever existed.

36. On April 2, 2008, Mr. Mapelli met with Plaintiff again gave Plaintiff a Performance Improvement Plan. During this meeting, Mr. Mapelli yelled at Plaintiff, screamed at Plaintiff, and, when Plaintiff attempted to explain why the PIP was based upon falsities, told Plaintiff "I don't care," and "its not ok."

37. On April 3, 2008, Plaintiff's employment with Cargill was terminated by Mr. Mapelli.

## INCORPORATION OF ALLEGATIONS

38. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF FEHA
### (Against All Defendants)

39. This is an action for damages based on the discriminatory actions of the Defendants with respect to Plaintiff's age. This action is brought pursuant to FEHA.

40. Under FEHA, it is an unlawful employment practice to discriminate with respect to age in the employment context.

41. As described above, the Individual Defendants participated in explicitly discriminatory conduct.

-7-

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

42. The Corporate Defendant has refused and continues to refuse to discipline, dismiss or discharge high management officials it knows, or should know, to have participated in age discrimination, and to have condoned such discrimination.

43. As a result of the conduct of the Corporate Defendant, through the actions of its employees and agents, all of which occurred during the scope of their employment, Plaintiff was subjected to continuous age discrimination throughout the past approximately two (2) years of her employment with the Corporate Defendant.

44. The Corporate Defendant is directly liable for the discriminatory conduct of its Managers, Director, supervisors, and other employees and agents.

45. Plaintiff suffered damages legally caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SECOND CAUSE OF ACTION
## FAILURE TO PREVENT AGE DISCRIMINATION
### (Against All Defendants)

46. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

47. This is an action for damages based on the failure by Defendants to prevent age discrimination. This action is brought pursuant to FEHA.

48. Under FEHA, it is an unlawful employment practice to fail to take all reasonable steps to prevent age discrimination in the employment context.

49. As described above, the Individual Defendants participated in such discriminatory conduct during the scope and course of their employment with the Corporate Defendant.

50. The Corporate Defendant refused to discipline, dismiss or discharge high management officials it knows, or should know, to have participated in age discrimination, and to have condoned such discrimination.

51. As a result of the Defendant's breaches of its obligation to prevent age discrimination,, Plaintiff suffered discrimination in the work place.

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

52. Plaintiff suffered damages legally caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### THIRD CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA
#### (Against All Defendants)

53. At all times material in this Complaint, Plaintiff was a person with a disability within the meaning of the FEHA. Plaintiff was limited in her major life activities, namely her ability to work, had a record of such limitations, and was regarded by Defendants as having such limitations.

54. Defendant is an employer within the meaning of the FEHA.

55. On information and belief, Plaintiff alleges that, during times material here, Defendant violated the FEHA by discriminating against her on the basis of her disability, by failing and refusing to provide her with reasonable accommodations, and by failing to engage in a timely, good faith interactive process.

56. The effect of the above actions and omissions have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

57. As described above, Individual Defendants Mapelli and Iceton participated in such discriminatory conduct during the scope and course of their employment with the Corporate Defendant.

58. The Corporate Defendant refused to discipline, dismiss or discharge high management officials it knows, or should know, to have participated in disability discrimination, and to have condoned such discrimination.

59. Plaintiff suffered damages legally caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### FOURTH CAUSE OF ACTION
### WRONGFUL TERMINATION

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

LAW OFFICE OF MICHAEL HUFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

(Against All Defendants)

60. Defendants, and each of them, discriminated against Plaintiff on grounds that violate California public policies prohibiting discrimination and retaliation against employees, including the FEHA, and Article I, § 8 of the California Constitution.

61. The Corporate Defendant ratified and condoned the behavior of its employees, including but not limited to the Individual Defendants

62. As a direct and proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

63. In doing the acts alleged herein, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

64. Plaintiff suffered damages legally caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## FIFTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF FEHA
### (Against All Defendants)

65. This is a claim for relief arising from retaliation against Plaintiff for having opposed unlawful employment practices based on age discrimination, disability discrimination, failure to accommodate, failure to engage in the interactive process, and failure to cure a workplace environment hostile to Plaintiff, and for reporting illegal activity. This action is brought pursuant to FEHA.

66. Because of having opposed said employment practices Plaintiff has suffered adverse employment actions, specifically her wrongful termination, as a result of her complaints and requests to report illegal activity.

67. Plaintiff suffered damages legally caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth

22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

here in full.

## SIXTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants)

68. Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to the case of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65.

69. Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation for reporting illegal activities, including, but not limited to, complaining about sexual orientation and/or disability discrimination. Said public policy is embodied in the Constitution of the State of California and California Statutory law. Adverse employment actions taken by an employer in response to opposing discrimination or reporting illegal activity is contrary to said public policy and is thus actionable under the common law of said state.

70. This is a claim for relief arising from retaliation against Plaintiff for having opposed unlawful employment practices based upon disability and age discrimination, and for reporting illegal activity.

71. Because of having opposed said employment practices based on disability and age discrimination Plaintiff suffered adverse employment actions, as described above.

72. Plaintiff suffered damages legally caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 923
### (Against Defendant Cargill, Inc.)

73. California Labor Code § 923 states that individual employees are permitted to designate representatives to assist the individual to negotiate terms and conditions of employment.

74. Plaintiff complained against her supervisor, Mr. Mapelli, and Cargill hired a consultant to perform an investigation of this compliant, which necessarily included challenging

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Plaintiff's veracity and necessarily involving a change in the terms and conditions of Plaintiff's employment; specifically, whether Mr. Mapelli would continue to supervise Plaintiff.

75. As described above, Plaintiff was prevented from having her representative present during questioning that would severely impact the terms and conditions of Plaintiff's employment.

76. The conduct of Defendants described above was oppressive, fraudulent and malicious, thereby entitling Plaintiff to an award of punitive damages in an amount according to proof at the time of trial.

77. Plaintiff suffered damages legally caused by these acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## JURY TRIAL DEMANDED

78. Plaintiff demands a jury trial.

**WHEREFORE,** Plaintiff requests that the court order the following relief.

## DAMAGES

79. Because of the aforesaid acts of Defendants, Plaintiff has suffered, and is continuing to suffer anxiety, depression, and additional physical and emotional distress damages in an amount that is currently unascertained. Plaintiff will therefore request leave of the court to amend this Complaint to state the amount of all such damages when they have been ascertained, or upon proof at the time of trial.

80. Plaintiff was held up to great derision and embarrassment with fellow workers, friends, members of the community and family, and has suffered emotional distress because the Defendants demonstrated to Plaintiff that they would not recognize nor accept her as an employee because of her age, disability, and participation in protesting of illegal activity in the workplace. Plaintiff is informed and believes that the Corporate Defendant, and its management and employees, acted deliberately for the purposes of injuring her. The

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Corporate Defendant, by and through the Individual Defendants and other agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in severe mental distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

81. Plaintiff suffered emotional distress as a legal result of the conduct by Defendants of which Plaintiff complains. Plaintiff suffered mental distress, suffering and anguish as a result of defendants' outrageous conduct, reacting to the discrimination and harassment with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring. This resulted in physical symptoms. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

82. At all material times, Defendants knew that Plaintiff depended on her wages and other employee benefits as a source of earned income. At all material times, Defendants were in a position of power over Plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on Defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because she had placed her trust in Defendants, because she depended on her employment for her self esteem and sense of belonging, because she relied upon her employment as a source of income for her support, and because of the great disparity in bargaining power between plaintiff and her employer. Defendants were aware of plaintiff's vulnerability and the reasons for it.

83. Notwithstanding such knowledge, Defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of Plaintiff's rights, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to Plaintiff.

84. Further, Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

conduct.

85. In doing the acts set forth above, Defendants acted as herein alleged with a conscious disregard of Plaintiff's rights to be free from discrimination because of age, disability, and participating in protesting of illegal activity at the workplace. Defendants acted, as alleged, with the malicious intention of depriving Plaintiff of employment opportunities and benefits that must be accorded to all employees regardless of age, disability, and participation in protesting of illegal activity at the workplace. The Corporate Defendant has retained and promoted employees and managers known by it to be prejudiced against gay employees. This conduct by Defendants was, and is, despicable, cruel and oppressive. Plaintiff is therefore entitled to an award of punitive damages against defendants in an amount to be proven at trial.

86. In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to California Government Code § 12965(b), she is entitled to an award of attorneys fees.

## **PRAYER**

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.    For a money judgment for mental pain and anguish and emotional distress, according to proof;

3.    For an award of punitive damages;

4.    For costs of suit and attorney fees;

5.    For prejudgment and postjudgment interest;

6.    For attorneys' fees pursuant to Government Code § 12965(b); and,

7.    For any further relief that is just and proper.

-14-
DELORA MARSHALL'S COMPLAINT FOR DAMAGES

1

2                                          Respectfully submitted,

3    DATED: April 9, 2008                 LAW OFFICES OF MICHAEL HOFFMAN

4

5

6                                          MICHAEL HOFFMAN
                                           BARBARA FIGARI
7
                                           Attorneys for Plaintiff
8                                          DELORA MARSHALL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DELORA MARSHALL'S COMPLAINT FOR DAMAGES

1

2                                      Respectfully submitted,

3    DATED: April 9, 2008               LAW OFFICES OF MICHAEL HOFFMAN

4

5                                      *[signature]*

6                                      MICHAEL HOFFMAN
                                       BARBARA FIGARI
7

8                                      Attorneys for Plaintiff
                                       DELORA MARSHALL
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-15-

EXHIBIT B

Law Offices of Michael Hoffman
Attn: Hoffman, R. Michael
22 Battery Street
Suit 1000
San Francisco, CA  94111

## Superior Court of California, County of Alameda

DELORA MARSHALL
VS.
CARGILL, INC., a
Corporation,

Plaintiff/Petitioner(s)

VS.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG08380935

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 08/29/2008 | Department: 21 | Judge: Jon S. Tigar |
|---|---|---|
| Time: 08:30 AM | Location: Administration Building | Clerk: Pamela Drummer-Williams |
| | Fourth Floor | Clerk telephone: (510) 267-6937 |
| | 1221 Oak Street, Oakland CA 94612 | E-mail: |
| | | Dept. 21@alameda.courts.ca.gov |
| | | Fax: (510) 267-1508 |
| | Internet: http://www.alameda.courts.ca.gov | |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/11/2008.

By _____

Deputy Clerk

*Superior Court of California, County of Alameda*



*Notice of Judicial Assignment for All Purposes*

Case Number: RG08380935
Case Title:   Marshall VS Cargill
Date of Filing: 04/09/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|  |  |
|---|---|
| Judge: | Jon S. Tigar |
| Department: | 21 |
| Address: | Administration Building |
|  | 1221 Oak Street |
|  | Oakland  CA  94612 |
| Phone Number: | (510) 267-6937 |
| Fax Number: | (510) 267-1506 |
| Email Address: | Dept.21@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Jon S. Tigar
DEPARTMENT 21

*Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:* http://www.alameda.courts.ca.gov/courts/rules/index.shtml *and with the California Rules of Court, which are available at* www.courtinfo.ca.gov.

*The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.*

*(1) Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association.* www.acbanet.org. *(2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. Failure to anticipate a non-emergency scheduling conflict is not good cause. (3) Except when requested in a particular case, chambers copies of filings are not necessary. The court appreciates receiving electronic courtesy copies of motions and proposed orders by e-mail to* dept21@alameda.courts.ca.gov, *with copies to all other counsel. (4) All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Fl., 661 Washington St., Oakland.*

## Schedule for Department 21

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Dept. 21 should be by email with copies to all other counsel after conferring about the matter in dispute and proposed hearing dates, if a hearing is required."

- Trials generally are held: Mondays: 10:30 a.m. to 4:30 p.m.; Tuesdays through Thursdays: 9:30 a.m. to 4:30 p.m. Counsel should expect to be in court from 9:00 a.m. to 5:00 p.m. Trial Readiness: Fridays at 8:45 a.m. A pretrial conference may be set one month before trial.

- Case Management Conferences are held: Mondays through Fridays at 8:30 a.m. and 8:45 a.m. Timely filed and complete case management conference statements may eliminate the need for in person conferences by allowing the court to issue a Tentative Case Management Order.

- Law and Motion matters are heard: Wednesdays and Fridays at 9:30 a.m.

- Settlement Conferences are heard: Friday afternoons and at such other times as may be available.

- Ex Parte matters are heard: Monday, Wednesday, and Friday at 8:30 a.m. E-mail Department 21 to obtain a reservation on these calendars or to specially set a time-sensitive emergency matter.

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If those efforts are unsuccessful, the parties should jointly send an e-mail to the court outlining the dispute in a few sentences. The court will then confer with counsel and determine whether there is a way to resolve the matter short of motion.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.21@alameda.courts.ca.gov

  Limited hearings are available for summary judgments, preliminary injunctions and other time-intensive motions.

- Ex Parte Matters
  Email:        Dept.21@alameda.courts.ca.gov

  Counsel must comply with Local Rule 4.14.

**Tentative Rulings**

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 21
- Phone: 1-866-223-2244

Dated:  04/10/2008                          Executive Officer / Clerk of the Superior Court

                                    By    _____
                                                    Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/11/2008

                                    By    _____

Deputy Clerk

EXHIBIT C

1  Marjorie S. Fochtman, Bar No. 143201
   Paul R. Lynd, Bar No. 202764
2  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
3  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
4  Fax:  (415) 984-8300

5  Attorneys for DEFENDANT CARGILL, INC.

6

7

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

MAY - 7 2008

**CLERK OF THE SUPERIOR COURT**
**By** _____ S. Halcrombe _____

8          IN THE SUPERIOR COURT THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11  DELORA MARSHALL,

12                          Plaintiff,

13       vs.

14  CARGILL, INC., a corporation; PATRICK
    MAPELLI, and individual; LES ICETON, an
15  individual; and DOES 1 through 100, inclusive,

16                          Defendant.

17

No. RG08380935

**DEFENDANT CARGILL, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT FOR
DAMAGES**

18       Defendant CARGILL, INC. ("Cargill") answers, with affirmative defenses, the Complaint for

19  Damages ("Complaint") filed by Plaintiff DELORA MARSHALL on or about April 9, and served on

20  or about April 10, 2008, as follows:

21                          **GENERAL DENIAL**

22       Pursuant to section 431.30(d) of the California Code of Civil Procedure, Cargill generally

23  denies each and every allegation in the Complaint and denies that Plaintiff has been damaged or has

24  sustained any damages as a result of the conduct alleged therein.

25                          **AFFIRMATIVE DEFENSES**

26       AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that the

27  Complaint, and each cause of action, fails to properly state facts sufficient to constitute a cause of

28  action against Cargill.

CARGILL, INC.'S ANSWER TO COMPLAINT

10999129.1

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965(b) with respect to the First, Second, Third, and Fifth Causes of Action, Code of Civil Procedure section 335.1 with respect to the Fourth and Sixth Causes of Action, and Code of Civil Procedure sections 335.1 and 338 with respect to the Seventh Cause of Action.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that the Court lacks jurisdiction over any claims of discrimination, retaliation, failure to prevent discrimination, failure to provide reasonable accommodation, failure to engage in an interactive process, or any other rights not like or reasonably related to the allegations in Plaintiff's administrative charges filed with the California Department of Fair Employment and Housing, the United States Equal Employment Opportunity Commission, or other agency.

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges the Plaintiff has failed to properly exhaust her administrative remedies or prerequisites, and that such failure bars this suit in whole or in part.

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff, at all times, was treated fairly and in good faith, and that any action or conduct taken by Cargill with respect to Plaintiff was taken in good faith for legitimate and lawful business reasons or was privileged.

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff's claims, in whole or in part, are barred, or any recovery should be reduced, pursuant to the doctrine of avoidable consequences.

AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff was not, and is not, a qualified person with a disability.

AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that any alleged reasonable accommodation sought by Plaintiff was not reasonable.

AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that any alleged reasonable accommodation sought by Plaintiff imposes an undue burden or hardship.

-2-

AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that, insofar as Plaintiff alleges that she suffered emotional distress or injury in her mind and/or body, her claim is preempted by the California Workers' Compensation act, Labor Code sections 3200 *et seq.*  Any compensable injury to Plaintiff occurred at a time when the parties were subject to the provisions of the California Workers' Compensation Act.  At the time of such injury, Plaintiff was performing services growing out of and incidental to her employment, Plaintiff was acting within the course and scope of her employment, and any injury that she claims to have sustained was proximately caused by her employment.

AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that, if Plaintiff suffered any emotional distress (and Cargill denies that Plaintiff suffered any emotional distress), this emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Cargill, or anyone acting on Cargill's behalf.

AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence to avoiding incurring the emotional distress that she alleges.  The resulting alleged damages or injuries, if any, were proximately caused and contributed to by the negligence of Plaintiff and/or some other party.

AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff has failed to exercise reasonable diligence to mitigate her damages, if any, and any damages to which Plaintiff might be entitled must be reduced or denied accordingly.

AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE,  Cargill alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

AS A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence, and/or any damages or remedies claimed by Plaintiff should be reduced as a result of after-acquired

1   evidence.

2       AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges,

3   without admitting that any unlawful or wrongful acts occurred, that if any of Cargill's agents or

4   employees engaged in any unlawful or wrongful acts, these acts were committed outside of the

5   course and scope of their employment and were not authorized, ratified, or condoned by Cargill.

6       AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that

7   the Complaint fails to properly state a claim for which compensatory damages, general damages, or

8   any other type of damages may be awarded.

9       AS A TWENTIETH, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that the

10  Complaint fails to properly state a claim for which punitive damages may be awarded.

11      AS A TWENTY-FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges that

12  the Complaint fails to properly state a claim for attorney's fees or costs under Government Code

13  section 12965(b) or any other basis.

14      AS A TWENTY-SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Cargill alleges

15  that the Complaint fails to state a claim upon which prejudgment interest may be awarded, as the

16  damages claims are not sufficiently certain to allow an award of prejudgment interest.

17                  **PRAYER FOR RELIEF**

18      WHEREFORE, Cargill prays that:

19      1.  Plaintiff takes nothing by this action;

20      2.  The Complaint be dismissed with prejudice and that judgment be entered against Plaintiff

21  and in favor of Cargill on each of Plaintiff's claims;

22      3.  The Court award Cargill reasonable attorneys' fees and costs incurred herein to the extent

23  permitted under applicable law, including, but not limited to, California Government Code section

24  12965(b); and

25  //

26  //

27  //

28  //

-4-

10999129.1

4. The Court award Cargill such other and further relief as the Court deems just.

DATED: May 7, 2008

NIXON PEABODY LLP

By: _____
PAUL R. LYND
Attorneys for Defendant
CARGILL, INC.

CARGILL, INC.'S ANSWER TO COMPLAINT

10999129.1

PROOF OF SERVICE

CASE NAME: Delora Marshall v. Cargill, Inc., et al.
COURT:      Alameda County Superior Court
CASE NO.:   RG08380935
NP FILE:    033749.000005

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

**DEFENDANT CARGILL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X    By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

_____: By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

_____:  By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_____:  By Facsimile — From facsimile number (415) 984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

_____:  By Electronic Mail — Transmitting via electronic mail to the recipients below in a manner consistent with the requirements of California Code of Regulations, title 20, sections 1209, 1209.5 and 1210.

Addressee(s)

Michael Hoffman
Barbara Figari
Law Offices of Michael Hoffman
22 Battery St., Ste. 1000
San Francisco, CA  94111
Tel:   (415) 362-1111
Attorney for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7, 2008, at San Francisco, California.

_Jan Vornkahl_
Jan Vornkahl

EXHIBIT D

1 | Marjorie S. Fochtman, Bar No. 143201
  | Paul R. Lynd, Bar No. 202764
2 | NIXON PEABODY LLP
  | One Embarcadero Center, 18th Floor
3 | San Francisco, California 94111-3600
  | Telephone: (415) 984-8200
4 | Fax: (415) 984-8300

5 | Attorneys for Defendant
  | CARGILL, INC.
6

7

8 | IN THE SUPERIOR COURT THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF ALAMEDA

10

11 | DELORA MARSHALL,                          No. RG08380935

12 |                        Plaintiff,         **NOTICE OF REMOVAL OF CIVIL
    |                                          ACTION UNDER 28 U.S.C. §§ 1332, 1441
13 |          vs.                              AND 1446 (DIVERSITY JURISDICTION
    |                                          AND FRAUDULENT JOINDER)**
14 | CARGILL, INC., a corporation; PATRICK
    | MAPELLI, an individual; LES ICETON, an
15 | individual; and DOES 1 through 100, inclusive,

16 |                        Defendant.

17

18 |      **TO PLAINTIFF AND HER ATTORNEYS OF RECORD, AND TO THE CLERK OF**

19 | **THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY**

20 | **OF ALAMEDA:**

21 |           PLEASE TAKE NOTICE THAT Defendant CARGILL, INC. has filed a Notice of Removal

22 | of Action under 28 U.S.C. sections 1332, 1441, and 1446 in the United States District Court for the

23 | Northern District, a copy of which is attached hereto as Exhibit A.

24 |           Pursuant to 28 U.S.C. section 1446(d), when a defendant files a Notice of Removal to federal

25 | court, "the defendant or defendants shall give written notice thereof to all adverse parties and shall

26 | file a copy of the notice with the clerk of such State court, which shall effect removal and the State

27 | court shall proceed no further unless and until the case is remanded." Accordingly, the Alameda

28 | County Superior Court no longer has jurisdiction over this action and all further proceedings must be

---

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**                                    11011795.1

1  conducted in the federal court.

2  DATED: May 12, 2008                                    NIXON PEABODY LLP

3

4                                                        By: _____

5                                                            PAUL R. LYND
                                                             Attorneys for Defendant
6                                                            CARGILL, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF CIVIL ACTION**
**UNDER 28 U.S.C. §§ 1332, 1441 AND 1446**                                    11011795.1

## PROOF OF SERVICE

**CASE NAME:  Delora Marshall v. Cargill, Inc., et al.**
**COURT:       Alameda County Superior Court**
**CASE NO.:     RG08380935**
**NP FILE:       033749.000005**

   I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600. On this date, I served the following document(s):

### NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION AND FRAUDULENT JOINDER)

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  _X_   **By First-Class Mail** — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

  _____: **By Personal Service** — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

  _____: **By Overnight Courier** — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

  _____: **By Facsimile** — From facsimile number (415) 984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

  _____: **By Electronic Mail** — Transmitting via electronic mail to the recipients below in a manner consistent with the requirements of California Code of Regulations, title 20, sections 1209, 1209.5 and 1210.

**Addressee(s)**

Michael Hoffman
Barbara Figari
Law Offices of Michael Hoffman
22 Battery St., Ste. 1000
San Francisco, CA  94111
Tel:    (415) 362-1111
Attorney for Plaintiff

   I declare under penalty of perjury that the foregoing is true and correct. Executed on May 12, 2008, at San Francisco, California.

_____
Jan Vornkahl

PROOF OF SERVICE
CASE NO.: C07-5037

11010155.1