Marjorie S. Fochtman, Bar No. 143201
Paul R. Lynd, Bar No. 202764
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax:  (415) 984-8300

Attorneys for Defendants
CARGILL, INC., PATRICK MAPELLI
and LES ICETON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL,<br><br>          Plaintiff,<br><br>vs.<br><br>CARGILL, INC., a corporation; PATRICK MAPELLI, and individual; LES ICETON, an individual; and DOES 1 through 100, inclusive,<br><br>          Defendant. | Case No.  C08-02422 WJA<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT CARGILL, INC. FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S SEVENTH CAUSE OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          June 19, 2008<br>Time:         8:00 a.m.<br>Courtroom: 9, 19th Floor<br>Judge:        The Hon. William J. Alsup |

**TO PLAINTIFF DELORA MARSHALL AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 19, 2008 at 8:00 a.m., or as soon thereafter as this matter may be heard by Judge William J. Alsup in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th floor, San Francisco, California 94102, Defendant Cargill, Inc. ("Cargill") will, and hereby does, move the Court for an Order for judgment on the pleadings on Plaintiff's Seventh Cause of Action.

This Motion is brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that Plaintiff cannot establish her Seventh Cause of Action based on California Labor Code section 923, because she fails to allege facts sufficient to state a cause of action upon which relief can

NOTICE OF MOTION AND MOTION OF
DEFENDANT CARGILL, INC. FOR JUDGMENT
ON THE PLEADINGS ON PLAINTIFF'S
SEVENTH CAUSE OF ACTION

11019125.1

be granted under the statute. California Labor Code section 923 concerns an employee's right to designate a representative for "[n]egotiation of terms and conditions of labor." Plaintiff fails to allege that Cargill terminated her employment for designating a representative. The alleged exclusion of Plaintiff's attorney from an interview with Plaintiff to investigate her internal complaint did not concern "negotiation" of the terms and conditions of employment. Moreover, while the statute gives an individual the right to designate a representative, the law does not require an employer to engage negotiations with that representative. Consequently, based on the pleadings, Cargill cannot have violated the statute.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers on file in this action, and upon such other matters and argument as may be presented to the Court at the time of hearing.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendant Cargill, Inc. ("Cargill") respectfully submits this Memorandum of Points and Authorities in support of its Motion, brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings on Plaintiff Delora Marshall's Seventh Cause of Action.

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff's attempt to sue Cargill under California Labor Code section 923 fails on the pleadings. In her Seventh Cause of Action, Plaintiff alleges that Cargill violated the statute by not allowing her attorney to be present during a meeting between Plaintiff and a representative of Cargill to investigate Plaintiff's complaints against her supervisor. On the facts alleged, Plaintiff simply fails to state a cause of action upon which relief can be granted based on California Labor Code section 923. The statute affords an employee the right to designate a representative for the purpose of negotiating the terms and conditions of employment. Plaintiff's claim, however, falls outside of the scope of the statute. She fails to allege that Cargill terminated her employment because she allegedly designated an attorney as her representative. Thus, she does claim that there is any nexus between her activity and her termination a fatal defect in her claim. In addition to this failure, Plaintiff admits that the purpose of the meeting was an "investigation" of her complaints, not negotiation of the terms

1  and conditions of her employment contract. The meeting thus was not covered by the statute. In any
2  event, California law holds that an employee is not entitled to have an attorney present at a meeting to
3  discuss the employee's complaints, as is the situation alleged here. Finally, California law also holds
4  that an employer is not obligated to negotiate with a representative whom an employee designates,
5  even though an employee is free to select a representative. Simply put, Plaintiff has failed to allege
6  facts sufficient to constitute a cause of action under California Labor Code section 923. Therefore,
7  her Seventh Cause of Action should be dismissed and judgment entered in favor of Cargill on that
8  claim.

## II.  PLAINTIFF'S SEVENTH CAUSE OF ACTION AGAINST CARGILL

In her Complaint for Damages ("Complaint"), Plaintiff alleges that she "made a formal complaint" concerning alleged "ageism and nepotism" to Cargill's human resources department. Complaint ¶ 32. She allegedly did so in February 2008, while on a leave of absence. Complaint ¶¶ 31-32. After Plaintiff returned to work in March 2008, "Chris Newman, a consultant hired by Cargill, arrived to conduct a formal investigation of Plaintiff's complaint." Complaint ¶ 34. "Although Plaintiff requested to have her attorney present during Ms. Newman's questioning of Plaintiff," Cargill did not allow Plaintiff's attorney to be present while Cargill interviewed Plaintiff as part of its investigation. Complaint ¶ 35.

Plaintiff's Seventh Cause of Action alleges that Cargill violated California Labor Code section 923. Complaint ¶¶ 73-77. According to Plaintiff, the statute "states that individual employees are permitted to designate representatives to assist the individual to negotiate terms and conditions of employment." Complaint ¶ 73. She contends that the "investigation . . . necessarily involve[ed]" a change in terms of whether "Mr. Mapelli would continue to supervise Plaintiff." Complaint ¶ 74. Plaintiff asserts that Cargill violated this obligation when "she was prevented from having her representative present during questioning that would severely impact the terms and conditions of Plaintiff's employment." Complaint ¶ 75.

## III.  PROCEDURAL HISTORY

On April 9, 2008, Plaintiff filed her Complaint in Alameda County Superior Court, Case No. RG08380935. Plaintiff served the Complaint on Cargill on April 10, 2008, through Cargill's agent

NOTICE OF MOTION AND MOTION OF
DEFENDANT CARGILL, INC. FOR JUDGMENT
ON THE PLEADINGS ON PLAINTIFF'S
SEVENTH CAUSE OF ACTION

3                                                    11019125.1

for service of process in California. On May 7, 2008, Cargill filed an Answer to Plaintiff's Complaint in state court. As permitted in state court, Cargill asserted a general denial of each and every allegation in the Complaint. Cal. Code Civ. Proc. § 431.30(d). On May 12, 2008, Cargill timely removed the action to this Court.

## IV. LEGAL ARGUMENT

### A. Cargill May Move For Judgment On The Pleadings Because The Pleadings Are Closed With Respect To The Seventh Cause Of Action.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). In this case, the pleadings are closed because Cargill has filed an Answer to Plaintiff's Complaint. Fed. R. Civ. P. 7(a). Defendants Patrick Mapelli and Les Iceton have not been served in this action. Because they have not been served, they were not required to join in Cargill's removal to this Court. As a result, they have not answered the Complaint. Yet, under these circumstances, the pleadings still are deemed closed and Cargill may move for judgment on the pleadings. *Moran v. Peralta Community College Dist.*, 825 F. Supp. 891, 894 (N.D. Cal. 1983). A party not served "is not yet a party," so "the disposition of this motion can have no effect on them." *Id.* "A contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant." *Id.*[1] Furthermore, judgment on the pleadings with respect to the Seventh Cause of Action has no bearing on Mapelli and Iceton because Plaintiff does not assert this cause of action against them. Complaint, p. 11: 23-24. Thus, because the pleadings are closed, Cargill's motion is timely.

### B. Legal Standard For Motion For Judgment On The Pleadings.

A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a cause of action upon which relief can be granted. *Dworkin v. Hustler Magazine,*

---

[1] Because Mapelli and Iceton have not been served, they also were not required to join in Cargill's removal to this Court. *Salveson v. Western States Bankcard Association*, 731 F.2d 1423, 1429 (9th Cir. 1984)("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves.").

*Inc.*, 867 F.2d 1188 1192 (9th Cir. 1989). The Court may grant judgment on the pleadings "when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996). Additionally, the Court may grant judgment on the pleadings with respect to individual causes of action, rather than as to the entire action. *Moran, supra*, 825 F. Supp. at 893.

  **C.**  **Plaintiff's Seventh Cause Of Action Fails Because Plaintiff's Allegations Do Not Establish A Claim Under California Labor Code Section 923.**

  Plaintiff's allegations are insufficient to establish a cause of action against Cargill for violation of Labor Code section 923. The declared purpose of the statute is ensuring employees with full freedom from interference or coercion by employers in self-organization or other concerted activities "for the purpose of collective bargaining or other mutual aid or protection." Cal. Labor Code § 923. It provides that "the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing, *to negotiate* the terms and conditions of his employment." *Id.* (emphasis added). As used in the statute, "negotiate" means "to confer regarding terms and conditions governing the employment . . ., which, so far as agreed upon, would be incorporated in a contract." *Nutter v. City of Santa Monica*, 74 Cal.App.2d 292, 303 (1946).

  Under California Labor Code section 923, "the individual employee has the right to designate an attorney or other individual to represent him in *negotiating* terms and conditions of his employment [so] that his discharge for so doing constitutes a violation of Labor Code section 923." *Montalvo v. Zamora*, 7 Cal.App.3d 69, 75 (1970)(emphasis added). However, the statute does not entitle an employee to have an attorney or representative present when an employer meets with an employee to investigate or discuss the employee's complaints. *Robinson v. Hewlett-Packard Corp.*, 183 Cal.App.3d 1108, 1131-1132 (1986). In *Robinson*, the court limited California Labor Code section 923's scope to negotiations over terms and conditions of employment. It held that the law does not require that an employee be allowed to have his or her chosen attorney present when the employer meets with the employee to discuss job performance or to hear the employee "gripe" about issues, including "poor management," because these matters do not involve negotiating the terms and

conditions of employment. *Id.* Finally, even if an employee designates an attorney or representative, California Labor Code section 923 does not obligate an employer actually to engage in negotiations with the employee's representative. *Montalvo, supra*, 7 Cal.App.3d at 75.

Here, Plaintiff's allegations cannot establish a cause of action for violation of California Labor Code section 923. First, there is no allegation that Cargill terminated Plaintiff's employment *because* she designated a representative as allowed by the statute – the essence of a claim under California Labor Code section 923. *Id.* Further, as Plaintiff's allegations make clear, the purpose of the meeting that Cargill did not allow Plaintiff's attorney to attend was an "investigation" of Plaintiff's complaint against her supervisor. Complaint ¶¶ 34, 74. This investigative meeting was for an altogether different purpose than "negotiating" terms and conditions of employment. Its purpose was to determine any validity behind Plaintiff's complaints. It was not for the purpose of conferring "regarding terms and conditions" of employment that, so far as agreed upon, would be incorporated in a contract." *Nutter, supra,* 74 Cal.App.2d at 303. Because the meeting was not for negotiating, California Labor Code section 923 thus did not apply. *Robinson, supra,* 183 Cal.App.3d 1108 at 1132. Cargill was free to meet with Plaintiff to discuss her complaints, as well as to investigate them, without the presence of her attorney. *Id.* Moreover, as discussed, Cargill was not obligated under California Labor Code section 923 to negotiate with Plaintiff's attorney, even though Plaintiff was free to designate an attorney of her choice as her representative. *Montalvo, supra*, 7 Cal.App.3d at 75.

At bottom, Plaintiff simply has not alleged a cause of action upon which relief can be granted under California Labor Code section 923. Accordingly, her Seventh Cause of Action should be dismissed on the pleadings, with judgment granted in favor of Cargill on this cause of action.

## V.   CONCLUSION

For the foregoing reasons, Cargill's motion for judgment on the pleadings should be granted

//

//

//

//

1  with respect to Plaintiff's Seventh Cause of Action.

2  DATED: May 14, 2008                    Respectfully submitted,

3

4                                          By:   /s/ Paul R. Lynd
                                                PAUL R. LYND
5                                               NIXON PEABODY LLP
                                                Attorneys for Defendants
6                                               CARGILL, INC.

---

NOTICE OF MOTION AND MOTION OF                    7                              11019125.1
DEFENDANT CARGILL, INC. FOR JUDGMENT
ON THE PLEADINGS ON PLAINTIFF'S
SEVENTH CAUSE OF ACTION