Marjorie S. Fochtman, Bar No. 143201
Paul R. Lynd, Bar No. 202764
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendants
CARGILL, INC., PATRICK MAPELLI
and LES ICETON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL,<br><br>         Plaintiff,<br><br>    vs.<br><br>CARGILL, INC., a corporation; PATRICK MAPELLI, and individual; LES ICETON, an individual; and DOES 1 through 100, inclusive,<br><br>         Defendant. | Case No. C08-02422 WJA<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANTS PATRICK MAPELLI AND LES ICETON; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        June 19, 2008<br>Time:       8:00 a.m.<br>Courtroom: Ctrm 9, 19th Floor<br>Judge:       The Hon. William J. Alsup |

**TO PLAINTIFF DELORA MARSHALL AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 19, 2008 at 8:00 a.m., or as soon thereafter as this matter may be heard by Judge William J. Alsup in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Defendants Patrick Mapelli and Les Iceton ("Defendants") will, and hereby do, move the Court for an Order dismissing Plaintiff Delora Marshall's First, Second, Third, Fourth, Fifth, and Sixth Causes of Action as alleged against them.

This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds:

1.     Plaintiff's First Cause of Action for age discrimination under the California Fair

1  Employment and Housing Act ("FEHA") fails to state a cause of action upon which relief can be
2  granted against Defendants, because Defendants cannot be sued individually for alleged age
3  discrimination in violation of the FEHA;

4      2.    Plaintiff's Second Cause of Action for failure to prevent age discrimination in
5  violation of the FEHA fails to state a cause of action upon which relief can be granted against
6  Defendants, because FEHA does not provide for an independent cause of action for failure to prevent
7  age discrimination absent establishing a discrimination cause of action against a defendant, which
8  Plaintiff cannot do because Defendants cannot be sued individually for alleged age discrimination;

9      3.    Plaintiff's Third Cause of Action for disability discrimination under the California Fair
10  Employment and Housing Act ("FEHA") fails to state a cause of action upon which relief can be
11  granted against Defendants, because Defendants cannot be sued individually for alleged disability
12  discrimination in violation of the FEHA;

13      4.    Plaintiff's Fourth Cause of action for wrongful termination in violation of public
14  policy fails to state a cause of action upon which relief can be granted against Defendants, because
15  Plaintiff cannot sue Defendants individually for wrongful termination based on the public policy in
16  the FEHA when she cannot sue them directly for alleged discrimination under the FEHA, and further
17  because the Article I, Section 8 of the California Constitution does not bar actions in employment
18  based on age or disability.

19      5.    Plaintiff's Fifth Cause of Action for retaliation in violation of the FEHA fails to state a
20  cause of action upon which relief can be granted against Defendants, because Defendants cannot be
21  sued individually for alleged retaliation in violation of the FEHA; and

22      6.    Plaintiff's Sixth Cause of Action for retaliation in violation of public policy fails to
23  state a cause of action upon which relief can be granted against Defendants, because Defendants
24  cannot be sued individually for retaliation in violation of public policy.

25  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and
26  Authorities filed herewith, the pleadings and papers on file in this action, and upon such other matters
27  and argument as may be presented to the Court at the time of hearing.
28  //

NOTICE OF MOTION AND MOTION TO DISMISS
OF DEFENDANTS PATRICK MAPELLI AND LES
ICETON

11017678.1

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Patrick Mapelli and Les Iceton ("Defendants") respectfully submit this Memorandum of Points and Authorities in support of their Motion, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff Delora Marshall's First, Second, Third, Fourth, Fifth, and Sixth Causes of Action as alleged against them.

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

In addition to suing her former employer, Cargill, Inc., Plaintiff attempts to sue Patrick Mapelli and Les Iceton as individuals on claims related to her employment and termination. Defendants supervised or interacted with Plaintiff in her former employment. Plaintiff has named Defendants in six causes of action that she alleges against Cargill. Specifically, Plaintiff sues Defendants as individuals for: (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), (2) failure to prevent discrimination in violation of the FEHA; (3) disability discrimination in violation of the FEHA; (4) wrongful termination in violation of public policy; (5) retaliation in violation of the FEHA; and (6) retaliation in violation of public policy.

None of these claims are legally cognizable against Defendants as individuals. Plaintiff cannot sue Defendants for discrimination, because the California Supreme Court has held that individuals are not subject to suit under the FEHA. For the same reason, Plaintiff cannot sue Defendants for failure to prevent discrimination because the FEHA does not allow such an independent claim when Plaintiff cannot sue Defendants for discrimination. Likewise, the California Supreme Court has further held that Plaintiff cannot sue Defendants individually for wrongful termination in violation of public policy based on the FEHA. Furthermore, Plaintiff's cause of action for retaliation under the FEHA fails as a matter of law. The California Supreme Court recently held that individuals cannot be sued for retaliation under the FEHA. Finally, Plaintiff's claim for retaliation in violation of public policy collapses because California law does not permit suit against individuals for retaliation in violation of public policy. At bottom, none of Plaintiff's claims state a cause of action upon which relief can be granted against Defendants. They should be dismissed from this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. PLAINTIFF'S ALLEGATIONS AGAINST INDIVIDUAL DEFENDANTS MAPELLI AND ICETON

Plaintiff's Complaint for Damages ("Complaint") alleges seven causes of action against her former employer, Cargill. She also asserts six of the causes of action against Defendants in their individual capacities. Mapelli and Iceton are employees of Cargill. Mapelli is a manager who formerly supervised Plaintiff, while Iceton is a human resource manager who interacted with Plaintiff during her employment. Complaint ¶¶ 4-5, 15, 23, 33, 36.

In her first through sixth causes of action, Plaintiff attempts to sue Defendants in their individual capacities based on the same claims she asserts against Cargill. Plaintiff's First Cause of Action alleges that Defendants discriminated Plaintiff based on age in violation of the FEHA, claiming that Mapelli and Iceton "participated in explicitly discriminatory conduct." Complaint ¶¶ 39, 41. Plaintiff's Second Cause of Action asserts that Defendants failed to take reasonable steps to prevent age discrimination in violation of the FEHA, with Defendants liable "for having participated in such discriminatory conduct during the course and scope of their employment" with Cargill. Complaint ¶¶ 47-49. Similar to the First Cause of Action, Plaintiff's Third Cause of Action alleges that Defendants discriminated against Plaintiff based on disability in violation of the FEHA, with Defendants allegedly liable because they "participated in such discriminatory conduct during the course and scope of their employment" with Cargill. Complaint ¶¶ 55, 57.

In her Fourth Cause of Action for wrongful termination, Plaintiff claims that Defendants terminated her employment in violation of the public policies contained in the FEHA and Article I, Section 8 of the California Constitution. Complaint ¶ 60. Her Fifth Cause of Action alleges retaliation by Defendants in violation of the FEHA. Complaint ¶ 65. Finally, in her Sixth Cause of Action, Plaintiff claims that retaliated against Plaintiff in violation of public policy because she allegedly "opposed unlawful employment practices based on disability and age discrimination." Complaint ¶¶ 68-70.

## III. PROCEDURAL HISTORY

On April 9, 2008, Plaintiff filed her Complaint in Alameda County Superior Court, Case No. RG08380935. Plaintiff served the Complaint on Cargill on April 10, 2008, through Cargill's agent

-4-

for service of process in California. On May 7, 2008, Cargill filed an Answer to Plaintiff's Complaint in state court. On May 12, 2008, Cargill timely removed this action to this Court based on diversity jurisdiction.[1] Mapelli and Iceton have not been served in this action. Because they have not been served, they were not required to join in Cargill's removal to this Court. *Salveson v. Western States Bankcard Association*, 731 F.2d 1423, 1429 (9th Cir. 1984)("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."). Because they have not been served, Defendants have not answered the Complaint.

## IV.   LEGAL ARGUMENT

### A.   Defendants May Move To Dismiss In This Court.

Although Defendants did not join in the removal because they have not been served and thus had no obligation to do so, they still may move for dismissal in this Court. Cargill's removal transferred jurisdiction over this entire action from the state court to this Court, thus giving the Court "jurisdiction over the non[-]removing parties." *Faria v. Bexar County Board of Trustees for Mental Health Retardation Services*, 925 F.2d 866, 872-873 (5th Cir. 1991).

In *Faria*, several defendants removed that case to federal court, while others did not join in the removal. Once in federal court, the non-removing defendants moved for dismissal under Rule 12(b)(6). The District Court granted the motion, while denying a motion to remand for the same reason: It determined that the non-removing defendants were fraudulently joined parties against whom the plaintiff failed to state a cause of action. *Id.* at 870, 872. The Court of Appeals held that the District Court properly exercised jurisdiction over the non-removing parties and ruled on their motions to dismiss, even though they had not joined in the removal. *Id.* at 873. Removal by a party

---

[1] Plaintiff is a citizen of California. Complaint ¶ 1. Cargill is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Minnesota. Complaint ¶ 3. For the purposes of diversity jurisdiction, citizenship of a corporation is its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Cargill is a citizen of a different state than Plaintiff. Iceton is a citizen of the State of Minnesota. Complaint ¶ 5. Mapelli is a citizen of California. However, as discussed here, the Complaint fails to state any cause of action upon which relief can be granted against Mapelli. Accordingly, he is a fraudulently joined defendant, whose presence is disregarded for purposes of diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-1068 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998). Excluding Mapelli as a fraudulently joined defendant, there is complete diversity of citizenship in this case.

extinguishes the jurisdiction of the state court over an entire matter. 28 U.S.C. § 1446(d). Thus, "removal 'ends the power of the state court because the entire case is then removed as to all parties whether joined in the petition or not.'" *Faria, supra,* 925 F.2d at 873, quoting *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962). Accordingly, by virtue of Cargill's removal, this Court has jurisdiction to rule on Defendants' motion to dismiss.

**B.     Legal Standard On Motion To Dismiss.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the Court to dismiss a claim because it fails to state a cause of action upon which relied can be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Here, none of Plaintiff's purported causes of action against Defendants are based on a cognizable legal theory under California law. Indeed, case law squarely on point holds that her claims are not cognizable.

**C.     Plaintiff's First And Third Causes Of Action Fail Because Plaintiff Cannot Sue Defendants Individually For Alleged Discrimination.**

Plaintiff's First and Third Causes of Action seek to sue Defendants, as individual supervisors, for age and disability discrimination, respectively. The California Supreme Court has held that supervisors cannot be sued as individuals under the FEHA. *Reno v. Baird*, 18 Cal.4th 640, 663 (1998)("individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts"). Accordingly, Plaintiff's First and Third Causes of Action fail to state a cause of action upon which relief can be granted against Defendants.

**D.     Plaintiff's Cannot Sue Defendants For Failure To Prevent Discrimination When She Cannot Sue Them For Alleged Discrimination.**

Plaintiff's Second Cause of Action against Defendants for failure to prevent age discrimination fails for the same reason as her discrimination claims. Under the FEHA, California does not permit an independent claim for failure to prevent discrimination unless the plaintiff also can establish a discrimination claim against the defendant. *Trujillo v. North County Transit District*, 63 Cal.App.4th 280, 288-289 (1998). Here, as discussed, there is no legal possibility of Plaintiff establishing a discrimination claim against Defendants under the FEHA because she cannot sue them

-6-

individually for alleged discrimination. *Reno, supra,* 18 Cal.4th at 663. Consequently, Plaintiff's Third Cause of Action fails to state a claim upon which relief can be granted against Defendants.

### E. Plaintiff's Wrongful Termination Cause Of Action Fails To State A Claim.

In her Fourth Cause of Action, Plaintiff sues Defendants for wrongful termination in violation of public policy. She grounds her claim on the public policies "prohibiting discrimination and retaliation against employees, including the FEHA, and Article I, § 8 of the California Constitution." Complaint ¶ 60. Plaintiff claims that she suffered discrimination and retaliation "based upon Plaintiff's age and disability." Complaint ¶¶ 2, 38.

For several reasons, this claim is not legally cognizable against Defendants. First, Plaintiff cannot sue Defendants individually for wrongful termination based on the FEHA for the same reason that she cannot sue them directly for discrimination under the FEHA. "It would be absurd to forbid a plaintiff to sue a supervisor under the FEHA, then allow essentially the same action under a different rubric. Because plaintiff may not sue [defendant] as an individual supervisor under the FEHA, she may not sue [defendant] individually for wrongful discharge in violation of public policy." *Reno, supra,* 18 Cal.4th at 664. *See also Le Bourgeois v. Fireplace Manufacturers, Inc.*, 68 Cal.App.4th 1049, 1056-1057 (1998). Second, to the extent Plaintiff bases it on the public policy in the FEHA against retaliation rather than discrimination, her claim also fails because "the same rule applies to actions for retaliation that applies to actions for discrimination: The employer, but not nonemployer individuals, may be held liable." *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1160 (2008).

Finally, Article I, Section 8 of the California Constitution affords no basis for Plaintiff to sue for wrongful termination in violation of public policy based on age or disability. This provision does not cover age or disability discrimination at all. Rather, it only protects an individual from discrimination in pursuing employment "because of sex, race, creed, color, or national or ethnic origin." Cal. Const, Art. I, § 8. Plaintiff thus has no actionable basis against Defendants for wrongful termination in violation of public policy. *Gantt v. Sentry Insurance*, 1 Cal.4th 1083, 1095 (1992)("courts in wrongful discharge actions may not declare public policy without a basis in either constitutional or statutory provisions."). Accordingly, Plaintiff's Fourth Cause of Action fails to state

-7-

a cause of action upon which relief can be granted against Defendants.

**F.  Plaintiff's Fifth Cause Of Action Fails Because Plaintiff Cannot Sue Defendants Individually For Alleged Retaliation.**

As a matter of law, Plaintiff cannot pursue her Fifth Cause of Action against Defendants for alleged retaliation in violation of the FEHA.  As the California Supreme Court recently held, an employer is liable for retaliation under the FEHA, "but nonemployer individuals are not personally liable for their role in that retaliation."  *Jones, supra,* 42 Cal. 4th at 1173.  *Jones* extended the rule in *Reno* against suing individuals for discrimination under the FEHA to bar suit against individuals for retaliation under the FEHA.  *Id.* at 1160.  As a result, Plaintiff's Fifth Cause of Action fails to state a cause of action upon which relief can be granted against Defendants.

**G.  Plaintiff Cannot Pursue Her Claim For Retaliation In Violation Of Public Policy Against Defendants.**

Plaintiff's Sixth Cause of Action for wrongful termination in violation of public policy is essentially a rehash of her previous claims.  In this claim, Plaintiff attempts to sue Defendants for retaliation in violation of the public policies in the California Constitution and statutes.  Again, she claims discrimination for "having opposed unlawful employment practices based upon disability and age discrimination."  Complaint ¶ 70.  This claim fails, too, for the same reasons as Plaintiff's other claims.

California law does not permit Plaintiff to sue Defendants as individuals for retaliation in violation of public policy.  *Gaw v. Arthur J. Gallagher & Co.*, 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008), \*4-\*7 (individual defendants cannot be liable on common law claim for retaliation in violation of public policy).  The California Supreme Court's recent decision in *Jones* confirmed this point under the FEHA.  As discussed, California law does not permit suit against an individual for retaliation based on the FEHA.  *Jones, supra,* 42 Cal. 4th at 1160, 1173.  In *Reno*, the California Supreme Court previously held that the bar against suing an individual for discrimination under the FEHA likewise precludes suit against an individual for wrongful discharge in violation of public policy.  *Reno, supra,* 18 Cal.4th at 664.  The Court's decision in *Jones* explicitly held that "the same rule applies to actions for retaliation that applies to actions for discrimination."  *Jones, supra,* 42

-8-

1  Cal.4th at 1160. Thus, applying the same rule, Plaintiff cannot sue Defendants for retaliation in
2  violation of public policy based on the FEHA for the same reason that she cannot assert her Second
3  Cause of Action against them for wrongful termination based on the FEHA. Simply put, Plaintiff
4  cannot sue indirectly on a claim that she cannot pursue directly.

5  Furthermore, Plaintiff cannot sue for retaliation in violation of public policy based on the
6  California Constitution. As discussed, the California Constitution does not protect against
7  discrimination or retaliation based on age or disability. *See* Cal. Const., Art. I, § 8. For that reason as
8  well, her purported claim is not legally cognizable. *Gantt, supra,* 1 Cal.4th at 1095 (claim must be
9  based on public policy contained in constitutional provision or statute).

10  Plaintiff's general reliance on *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980) and
11  *Rojo v. Kliger*, 52 Cal.3d 65 (1990) is misplaced. Complaint ¶ 68. *Tameny* recognized potential
12  liability by an employer for the "employer's" retaliatory discharge, but not <u>individual</u> liability.
13  *Tameny, supra,* 27 Cal.3d at 170, 175; *Gaw, supra,* 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9,
14  2008) at *5. *Rojo* is inapposite. There, the plaintiffs based their wrongful termination in violation of
15  public policy claim on the public policy against sex discrimination expressly included in Article I,
16  Section 8 of the California Constitution. *Rojo, supra,* 52 Cal.3d at 89-90. Plaintiff, however, has no
17  constitutional basis for her claims based on age and disability discrimination because the California
18  Constitution does not bar age or disability discrimination by private employers. *See* Cal. Const. Art.
19  I, § 8 (protecting against discrimination based on "sex, race, creed, color, or national or ethnic
20  origin"). Accordingly, Plaintiff's Sixth Cause of Action fails to state a cause of action upon which
21  relief can be granted against Defendants.

22  **V.    CONCLUSION**

23  For the foregoing reasons, Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Causes of
24  Action fail to state a cause of action upon which relief can be granted against Defendants. Plaintiff
25  cannot cure these legal defects because the purported claims against Defendants are not legally
26  //
27  //
28  //

-9-

cognizable.  Defendants should be dismissed from this case.

DATED: May 14, 2008                              Respectfully submitted,


By:   /s/ Paul R. Lynd
    PAUL R. LYND
    NIXON PEABODY LLP
    Attorneys for Defendants
    PATRICK MAPELLI and LES ICETON