Marjorie S. Fochtman, Bar No. 143201
Paul R. Lynd, Bar No. 202764
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendant
CARGILL, INC., PATRICK MAPELLI
and LES ICETON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL,<br><br>    Plaintiff,<br><br>  vs.<br><br>CARGILL, INC., a corporation; PATRICK MAPELLI, an individual; LES ICETON, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendant. | Case No. C08-02422 WHA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT CARGILL'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S SEVENTH CAUSE OF ACTION**<br><br>Date:     June 19, 2008<br>Time:    8:00 a.m.<br>Dept.:    Ctrm. 9, 19th Floor<br>Judge:   The Hon. William J. Alsup |

Defendant Cargill, Inc.'s ("Defendant") Motion for Judgment on the Pleadings on Plaintiff's Seventh Cause of Action came on regularly for hearing before this Court on June 19, 2008. Plaintiff appeared through Michael Hoffman and Barbara Figari of the Law Offices of Michael Hoffman. Defendants appeared through Paul R. Lynd of Nixon Peabody LLP.

Having considered Defendants' supporting papers, Plaintiff's opposition papers, all documents and pleadings on file in this matter, and the arguments of counsel, and good cause appearing, the Court hereby orders that Defendant's Motion for Judgment on the Pleadings be granted with respect to Plaintiff's Seventh Cause of Action based on California Labor Code section 923. As a matter of law, the pleadings demonstrate that Plaintiff cannot establish her cause of action for violation of the statute. Plaintiff does not allege that Cargill terminated her employment because

1  she designated an attorney to represent her.  This missing casual link defeats her claim.  Additionally,
2  California Labor Code section 923 applies only to negotiation of the terms and conditions of
3  employment.  Plaintiff's allegation that Defendant excluded her attorney from a meeting with
4  Plaintiff as part of an "investigation" of Plaintiff's complaints did not implicate the statute, because
5  the meeting did not involve negotiation of the terms and conditions of employment.  California Labor
6  Code section 923 also does not entitle an employee to have an attorney present when her employer
7  meets with her to discuss her complaints.  *Robinson v. Hewlett-Packard Corp.*, 183 Cal.App.3d 1108,
8  1131-1132 (1986).   Moreover, the statute does not obligate an employer to engage in negotiations
9  with an employee's designated representative.  *Montalvo v. Zamora*, 7 Cal.App.3d 69, 75 (1970).

10  The pleadings demonstrate that Plaintiff has not alleged a cause of action upon which relief
11  can be granted under California Labor Code section 932.  Accordingly, her Seventh Cause of Action
12  should be dismissed on the pleadings, with judgment entered in favor of Defendant on that claim.
13  IT IS SO ORDERED.

15  DATED: _____          By: _____
16                                  HON. WILLIAM H. ALSUP
                                    United States District Court Judge

-2-