LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel   (415) 362-1111
Fax  (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorney for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL<br><br>       Plaintiff,<br><br>vs.<br><br>CARGILL, INC., a Corporation, PATRICK MAPELLI, an Individual, LES ICETON, an Individual, and DOES 1 through 100, inclusive<br><br>       Defendants. | Case No.  CV08-2422JCS<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEY'S FEES TO PLAINTIFF;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>**DECLARATION OF MICHAEL HOFFMAN;**<br><br>**[PROPOSED] ORDER REMANDING ACTION TO STATE COURT**<br><br>Date: June 19, 2008<br>Time: 8:00 a.m.<br>Dept.: Ctrm. 9, 19th Floor<br>Judge: The Hon. William J. Alsup |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD, AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Delora Marshall, Plaintiff in Case No. RG08380935 ("Plaintiff") filed in the Superior Court of the State of California in and for the County of

-1-
PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Alameda, and removed to the United States District Court for the Northern District of California on Notice of Removal will and hereby does move this Court for an order providing that the instant action be remanded to the Superior Court of the State of California in and for the County of Alameda, that Defendants pay an award of attorneys' fees and costs to Plaintiff in the amount of $1700 or in an amount that the Court deems appropriate, and that the Clerk of Court send a certified copy of the order remanding the case to the clerk of the Superior Court of the State of California in and for the County of Alameda, where the action was originally filed.

This Motion is based upon this Notice, the Memorandum of Points and Authorities filed herewith, the accompanying Declaration of Michael Hoffman, the complete files and records in this action, and all other oral and written evidence presented at the hearing on this motion.

Respectfully submitted,

DATED: May 15, 2008           LAW OFFICES OF MICHAEL HOFFMAN

/s/ Michael Hoffman
MICHAEL HOFFMAN
BARBARA FIGARI

Attorneys for Plaintiff
DELORA MARSHALL

## I. INTRODUCTION

Plaintiff Delora Marshall [hereinafter "Plaintiff"] brought an action against her former employers, Cargill, Inc., Patrick Mapelli, and Les Iceton, alleging age discrimination, disability discrimination, failure to prevent the same, and retaliation in violation of California's Fair Employment and Housing Act (FEHA); wrongful termination and retaliation in violation of public policy, and violation of Cal. Labor Code § 923.

Plaintiff does not dispute the fact that Individual Defendants Mapelli and Iceton cannot be held liable for claims brought under the FEHA, Cal. Labor Code § 923, and her cause of action for wrongful termination in violation of public policy.

However, no existing California law, statutory or otherwise, holds that Individual Defendants Mapelli and Iceton cannot be held liable for retaliation in violation of public policy. Accordingly, Plaintiff has properly plead an individual cause of action against both Individual Defendants, said Individual Defendants were not fraudulently joined. Thus, both are properly included in this case, and since Plaintiff and Individual Defendant Mapelli are both residents of the State of California, complete diversity does not exist, and federal jurisdiction is improper in this case.

## II. PROCEDURAL POSTURE

### a. Plaintiff Received Rights to Sue Against Individual Defendants Prior to Filing a Complaint in State Court.

Plaintiff filed charges of discrimination with California's Department of Fair Employment and Housing (DFEH) against Cargill, Inc., and also against Patrick Mapelli, Les Iceton, and Aileen Fox, as Individuals. Specifically, Plaintiff's charge of discrimination against Individual Defendant Mapelli alleged that Mr. Mapelli wrongfully terminated, harassed,

retaliated against and failed to prevent discrimination or retaliation against Plaintiff on the basis of her age, disability, and engaging in a protected activity and/or requesting leave or accommodation.

Plaintiff received a right to sue from DFEH on April 9, 2008, and immediately thereafter filed her Complaint in the Superior Court of the State of California, in and for the County of Alameda. Despite the fact that Plaintiff alleged a cognizable cause of action against Individual Defendant Mapelli, and despite the fact that Plaintiff obtained a Right to Sue Notice with respect to Individual Defendant Mapelli, in addition to the Right to Sue Notice she received with regard to Cargill, Inc. and Individual Defendant Iceton, Defendants have wrongfully attempted to remove this action to federal court, despite the lack of complete diversity which is readily apparent from the pleadings in this case.

### III.   STATEMENT OF FACTS

Plaintiff worked as an Administrative Assistant in the Land Department of the Newark, California office of Cargill, Inc. from 1988 through April 2, 2008, when she was wrongfully terminated after twenty years of employment. Throughout Plaintiff's employment with Cargill, Plaintiff was consistently recognized as a good performer, and received marks indicating "Outstanding," "Very Good," "Exceeds Expectations" and/or "Meets Expectations" in all areas of her performance reviews prior to the promotion of Mr. Mapelli to Manager of Real Property in March, 2007. Plaintiff approached Aileen Fox, the Human Resources Manager in the Newark, California office, and asked for assistance in correcting the falsities that Mr. Mapelli had written in Plaintiff's performance review. Ms. Fox told Plaintiff it was "too bad" because Plaintiff had already signed her performance review, as directed to do so by Mr. Mapelli. Plaintiff then told Ms. Fox that she would be writing a rebuttal to her performance review, and asked that her

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

rebuttal be placed in her personnel file. Ms. Fox told Plaintiff that "I could put it in your file, but it won't mean a thing."

Throughout the spring, summer and fall of 2007, Mr. Mapelli continued to express open hostility to Plaintiff at work, by blaming Plaintiff for taking actions and/or failing to take actions, directing his niece, Ms. Perreira, to keep a log of all of Plaintiff's arrivals, departures, breaks, and conversations Plaintiff had with others at the workplace, accusing Plaintiff of making mistakes at work, and refusing to apologize or even acknowledge his error when Plaintiff would prove to Mr. Mapelli that no mistake was made and/or Mr. Mapelli was wrong in his accusation, and blaming Plaintiff for mistakes that Ms. Perreira made, while not even approaching Ms. Perreira upon learning of her errors.

Throughout this time, Plaintiff also began suffering from incontinence. Although Plaintiff took all preventative measures available, Plaintiff, on a couple of occasions, lost control of her bladder in front of other employees at work, and had to go home to change clothing. Plaintiff informed Mr. Mapelli, in the summer or fall of 2007, of her condition, and explained that, at times, Plaintiff would need to go home and change clothing. Plaintiff lives less than five (5) minutes away from the Cargill office. Mr. Mapelli indicated understanding of Plaintiff's condition. However, despite his understanding of the situation, Mr. Mapelli continued to discipline Plaintiff when Plaintiff suffered continued bladder issues by, among other actions, accusing Plaintiff of leaving the workplace without notice, and leaving for "hours" at a time.

Mr. Mapelli continued to create a hostile work environment for Plaintiff. In addition to the above-mentioned activities, including falsely accusing Plaintiff of errors, and continuing to give Plaintiff substandard performance reviews, Plaintiff began to realize that Mr. Mapelli was grooming his twenty-two year old niece, Ms. Perreira, for Plaintiff's position. Specifically,

although Part-Time Clerks are normally temporary positions, Ms. Perreira has been working in her position for approximately two (2) years. Ms. Perreira is permitted to work at night and on weekends to earn enough hours to have benefits through Cargill, though other employees, including but not limited to Plaintiff, are told that they should not make a regular practice of working at night and on weekends. Further, Ms. Perreira has consistently told Plaintiff that her benefits are of utmost importance to Ms. Perreira. Ms. Perreira is to graduate from college this spring, just a few weeks after Plaintiff was wrongfully terminated by Mr. Mapelli, Ms. Perreira's uncle.

Due to the stress Plaintiff experienced from the hostile work environment created and continued by Mr. Mapelli, Plaintiff went on disability leave in approximately November 2006. Plaintiff was diagnosed with work-related stress. In February, 2008, Plaintiff made a formal complaint to Aileen Fox, the Human Resources Manager at the Newark, California office of Cargill. Plaintiff complained of ageism and nepotism on the part of Mr. Mapelli.

On February 29, 2008, Plaintiff participated in a phone call with Ms. Fox regarding Plaintiff's return to work in March 2007. At that time, Ms. Fox conferenced in Les Iceton from Cargill's corporate office. Mr. Iceton expressed that he did not know why Plaintiff wanted to return to work, and stated that "when you come back to work, you [Plaintiff] know Pat's [Mr. Mapelli] just going to fire you, right?" After Plaintiff returned to work in March 2008 and participated in an investigation conducted by a consultant hired by Cargill, Inc., in which Plaintiff was questioned about her allegations against Mr. Mapelli, Plaintiff was terminated by Mr. Mapelli.

IV.     **LEGAL ARGUMENT**

Removal is only proper if original jurisdiction would have existed at the time the Complaint was filed. 28 U.S.C. § 1441(a). The removing Defendants bear the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Further, the removal statue is strictly construed against removal jurisdiction, and any doubt is resolved in favor of remand. *LIbhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

### a. **Federal Jurisdiction Is Not Proper in this Case Because Complete Diversity Does Not Exist.**

In cases such as this where a federal question is not present on the face of the pleadings, this Court may only retain jurisdiction of this action pursuant to 28 U.S.C. § 1332, requiring diversity of citizenship among the parties. "Diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). In this case, both Plaintiff and Individual Mapelli are residents of the State of California, and thus complete diversity does not exist. Accordingly, this action must be remanded to state court.

### b. **A Cause of Action Against Individual Defendant Mapelli Was Alleged in Plaintiff's Complaint.**

Plaintiff does not deny Defendant's correct assertions that causes of action number 1-5 and 7 cannot be maintained against Individual Defendant Mapelli. However, Plaintiff's sixth cause of action for retaliation against public policy is properly plead and can be maintained against Individual Defendant Mapelli in his individual capacity. Defendant has alleged that Individual Defendant Mapelli was joined as a sham and/or the joinder of Individual Defendant Mapelli was fraudulent. However, as described in detail below, Plaintiff has explicitly stated a cause of action against Individual Defendant Mapelli.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

### i. Removing Party Bears Burden of Proving A Fraudulent Joinder and Any Ambiguities in Controlling State Law Are Resolved in Favor of Non-Removing Party.

To establish a "sham" or fraudulent joinder, the removing party bears the burden of proving that there was no possibility under state law that the individual defendant may be liable to the plaintiff. *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980). (stating that "sham joinder requires showing beyond doubt that the plaintiff can prove no set of facts in support of his claim."). Further, the removing party must also prove that the claim against the individual lacks merit *and* that "the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (stating that "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.").

Further, in deciding whether a joinder is a "sham," "all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor…" *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

Thus, the Defendants' burden to prove a "sham" joinder is high, and does not permit removal if the Plaintiff can articulate a conceivable theory of liability or a good faith argument for extending the law to allow recovery. In this case, Defendants have not and will not meet this burden.

In order to prove its allegation of fraudulent joinder, it, as the removing party, "must demonstrate that there is no possibility that [Plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000). Cargill will not be able to meet this burden in this case. Assuming arguendo that Plaintiff

has not sufficiently alleged a cause of action against the non-diverse defendant, Patrick Mapelli, (which she has), she has presented sufficient facts in her instant Complaint that demonstrate that Plaintiff could explicitly plead causes of action based upon defamation and harassment against Mr. Mapelli. Cargill has not, and cannot, meet its burden of showing that Plaintiff could not as a matter of law allege such a cause(s) of action. To the contrary, the Complaint's actual allegations *at the time of filing* suggest that Plaintiff could explicitly allege that Mr. Mapelli lacked a good faith belief in many of the statements in his writings about Plaintiff, thus giving rise to a claim for defamation, and given his alleged harassment of Plaintiff from the allegations of the Complaint, a cause of action for harassment against Mr. Mapelli individually.

With respect to a possible claim against Mr. Mapelli for defamation, as stated in the Complaint, Mr. Mapelli has made numerous written statements, including but not limited to statements made in Plaintiff's performance evaluations, that are defamatory in nature. With respect to these statements, the dispositive issue is whether Plaintiff can state a claim in light of the qualified privilege found at California Civil Code section 47(c). While of course Mr. Mapelli will claim that these statements were privileged, pursuant to C.C.C. § 47(c) Plaintiff will still be able to show that this qualified privilege does not extend to the defamatory statement(s) that were made with malice, that is, any statement(s) that were motivated by hatred or ill will toward Plaintiff, or made without a good-faith belief in the truth of the statement. Lundquist v. Reusser, (1994) 7 Cal.4th 1193, 1213.

Further, with respect to Plaintiff's stated claims against Mr. Mapelli for harassment, as specified in the complaint it should first be noted that Plaintiff filed a Complaint and received a right to sue against Mr. Mapelli individually, on the basis of harassment, as attached. Second, as noted from the allegations contained in Paragraphs 23, 24, 27, 28, 29 and 36 of the Complaint, it

is clear that Plaintiff has alleged facts sufficient to constitute a cause of action against Mr. Mapelli individually, to the extent that one does not already exist with respect to the cause of action for retaliation in violation of public policy.

In sum, not only has Plaintiff already plead a possible cause(s) of action against Mr. Mapelli, the non-diverse defendant, this is also not a case where a Plaintiff cannot under any circumstances ever make a claim against the non-diverse defendant. Accordingly, removal was improper, Plaintiff's motion to remand will be granted.

### ii. Individual Defendant Mapelli is Considered an Employer for Purposes of Establishing Liability for Retaliation in Violation of Public Policy.

Plaintiff brought a cause of action against Individual Defendant Mapelli, in his capacity as her employer, for retaliation in violation of public policy, pursuant to the cases of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65. Specifically, Plaintiff alleged that Individual Defendant Mapelli violated the fundamental and well-established public policy against discrimination, harassment or retaliation for reporting illegal activities" and further alleged that "[A]dverse employment actions taken by an employer in response to opposing discrimination or reporting illegal activity is contrary to said public policy and is thus actionable under the common law of said state." Complaint, ¶¶ 59, 60.

The *Tameny* and *Rojo* cases discussed specifically the "employer's" liability for a retaliatory discharge. Plaintiff's employment as an Administrative Assistant was governed by Industrial Wage Order No. 4-2001. Paragraph 2(H) of this order defines an employer as "any person as defined in § 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." IWC Order 4-2001. Further, § 18 of the California Labor Code states, in its

-10-
PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

entirety, that "[P]erson means any person, association, organization, partnership, business trust, limited liability company, or corporation." Cal. Labor Code § 18.

Thus, Plaintiff's cause of action as plead against Individual Defendant Mapelli, in his capacity as her employer, establishes, on the face of the Complaint, a cause of action against Individual Defendant Mapelli. Accordingly, from the face of the Complaint, it is clear that complete diversity does not exist, and Defendants removal of this action to federal court was improper.

### iii. Under Current California Law, An Individual May Be Held Personally Liable for Retaliation In Violation of Public Policy.

Defendants have erroneously stated that individual liability for retaliation in violation of public policy does not exist. Defendants base this assertion on <u>one</u> district court order that pre-dates a closely-related decision of the California Supreme Court. Specifically, the January 2008 order relied upon by Defendants as their sole authority for the proposition that this cause of action cannot be maintained by an individual predates the California Supreme Court's March 2008 decision in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 158 (2008). In *Jones,* the California Supreme Court held that a cause of action for retaliation in violation of a specific statutory provision, the FEHA, could not be maintained against an individual. However, despite its recent analysis of the issue, the Court declined to extend this holding to causes of action based upon retaliation in violation of the State's public policy. Defendants have not and cannot cite any authority to the contrary (other than the aforementioned District Court order), which is not binding on state courts, and does not reflect the current state of the law. Indeed, the state courts, which act as the final arbiters of state law, have declined to state that individuals cannot be held liable for retaliation in violation of public policy. Finally, to the extent that Defendant claims any ambiguities exist with respect to state law, a contention which Plaintiff fines erroneous in

light of *Jones*, as stated above, "all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor…" *Coker v. Amoco Oil Co. supra* at 1440.

Accordingly, Plaintiff's sixth cause of action was properly plead and may be maintained against Individual Defendant Mapelli. Thus, Plaintiff's motion to remand this case to state court should be granted.

## V. **PLAINTIFF IS ENTITLED TO FEES AND COSTS INCURRED FOR THIS MOTION.**

On granting a motion for remand, the federal court may order the Defendant to pay Plaintiff its "just costs and actual expenses, including attorneys' fees, incurred as a result of the removal…" 28 U.S.C. § 1447(c); *see also Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir. 1993). Due the unambiguous statutory authority permitting the award of attorney fees, no showing of bad faith on the part of the removing party is necessary as a prerequisite to this award. *Tenner v. Zurek*, 168 F.3d 328, 329-30 (7th Cir. 1999).

## VI. **CONCLUSION**

For the foregoing reasons, Plaintiff requests that this Court order that:

1. The instant action be remanded to state court; specifically the Superior Court of the State of California in and for the County of Alameda;

2. Defendants pay an award of attorneys' fees and costs to Plaintiff in the amount of $1700 or in an amount that the Court deems appropriate;

3. The Clerk of Court send a certified copy of the order remanding this action to state court to the clerk of the state court where the action was originally filed; and

4. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: May 15, 2008                                   LAW OFFICES OF MICHAEL HOFFMAN


/s/ Michael Hoffman
MICHAEL HOFFMAN
BARBARA FIGARI

Attorneys for Plaintiff
DELORA MARSHALL

LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel (415) 362-1111
Fax (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorney for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL<br><br>    Plaintiff,<br><br>  vs.<br><br>CARGILL, INC., a Corporation,<br>PATRICK MAPELLI, an Individual,<br>LES ICETON, an Individual, and DOES<br>1 through 100, inclusive<br><br>    Defendants. | Case No. CV08-2422JCS<br><br>**DECLARATION OF MICHAEL HOFFMAN** |

I, Michael Hoffman, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am an attorney with the Law Offices of Michael Hoffman, attorneys of record for Plaintiff Delora Marshall. I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, could and would competently testify thereto.

2. This declaration is submitted in regard to attorneys' fees and costs expended in preparing and filing Plaintiff's Motion to Remand, with which this Declaration is concurrently submitted.

-14-
PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

3. I am informed and believe that Defendants had no reasonable basis for removing this case to federal court. I am informed and believe that the cause of action for retaliation in violation of public policy is a cause of action that may be maintained against an Individual Defendant, and for which said Individual Defendant may be held personally liable. I am informed and believe that the Plaintiff in this case plead retaliation in violation of public policy as a proper cause of action against Individual Defendant Mapelli.

4. I am familiar with market rates of attorneys in the Bay Area in various kinds of cases from practicing on a daily basis in this area for the last 12 years, and from numerous discussions with other attorneys over time, as well as from attending various attorneys' conferences. My regular rates which I charge paying clients over time have, to my knowledge, been at a reasonable market rate for attorneys in the Bay Area with our particular background, years of experience, type of experience, knowledge, and results, and represent a reasonable market rate in the case herein for the time spent and type of work done. My regular hourly rates for the time periods pertinent to this case have been as follows: $300 per hour from October 2001, through May 2003, and $400 per hour from June 2003 through the present. This amount includes all copies, faxes, U.S. Mail costs, as well as internet and other in-house expenses.

5. I spent 4.25 hours in preparing this motion to remand, and thus requests costs and attorneys fees in the amount of one thousand seven hundred dollars ($1,700).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, on May 15, 2008.

                                 /s/ Michael Hoffman
                                 MICHAEL HOFFMAN, ESQ.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL<br><br>    Plaintiff,<br><br>vs.<br><br>CARGILL, INC., a Corporation,<br>PATRICK MAPELLI, an Individual,<br>LES ICETON, an Individual, and DOES<br>1 through 100, inclusive<br><br>    Defendants. | Case No. CV08-2422JCS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THIS ACTION TO STATE COURT** |

Plaintiff's motion to remand is hereby GRANTED. The instant action shall be remanded to state court; specifically the Superior Court of the State of California in and for the County of Alameda. Further, Defendants are ordered pay an award of attorneys' fees and costs to Plaintiff in the amount of one thousand seven hundred dollars ($1,700). The Clerk of Court shall send a certified copy of this order remanding this action to state court to the clerk of the state court where the action was originally filed.

DATED: May _____, 2008          It is so ordered.

_____

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111