LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel    (415) 362-1111
Fax    (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorneys for Plaintiff DELORA MARSHALL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL<br><br>Plaintiff,<br><br>vs.<br><br>CARGILL, INC., a Corporation,<br>PATRICK MAPELLI, an Individual,<br>LES ICETON, an Individual, and DOES<br>1 through 100, inclusive<br><br>Defendants. | Case No.  CV08-2422JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS MAPELLI AND ICETON**<br><br>Hearing Date: June 19, 2008<br>Hearing Time:  8:00 a.m.<br>Courtroom: Ctrm 9, 19th Floor<br>Judge:  The Honorable William J. Alsup |

## I.    **INTRODUCTION**

Plaintiff Delora Marshall [hereinafter "Plaintiff"] brought an action against her former employers, Cargill, Inc., Patrick Mapelli, and Les Iceton, alleging age discrimination, disability discrimination, failure to prevent the same, and retaliation in violation of California's Fair Employment and Housing Act (FEHA); wrongful termination and retaliation in violation of public policy, and violation of Cal. Labor Code § 923.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Plaintiff does not dispute the fact that Individual Defendants Mapelli and Iceton cannot be held liable for claims brought under the FEHA, Cal. Labor Code § 923, and her cause of action for wrongful termination in violation of public policy.

However, no existing California law, statutory or otherwise, holds that Individual Defendants Mapelli and Iceton cannot be held liable for retaliation in violation of public policy. Accordingly, Plaintiff has properly plead a cognizable cause of action against both Individual Defendants, and Defendants' Motion to Dismiss all causes of action against said Individuals pursuant to F.R.C.P. 12(b)(6) should be DENIED as it relates to Plaintiff's Sixth (6th) Cause of Action.

## II.    PROCEDURAL POSTURE

Plaintiff filed this action on April 9, 2008 alleging seven (7) causes of action against her employers Cargill, Inc., Patrick Mapelli, and Les Iceton.  Defendants filed an Answer to Plaintiff's Complaint on May 7, 2008, and filed a notice of removal on May 12, 2008. Defendants' have alleged that Plaintiff's joinder of Individual Defendants Mapelli and Iceton was fraudulent, and that this Court may exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Subsequently, Plaintiff filed a Motion to Remand on May 15, 2008, that is to be heard concurrently with this Motion, arguing that Defendants' removal of this case is improper, as complete diversity does not and has never existed between all parties.  Specifically, Plaintiff has alleged a cognizable cause of action of retaliation in violation of public policy against Individual Defendants Mapelli and Iceton, and accordingly, Plaintiff's inclusion of these Individual Defendants was proper and appropriate.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS
MAPELLI AND ICETON

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

## III.    STATEMENT OF FACTS

Plaintiff worked as an Administrative Assistant in the Land Department of the Newark, California office of Cargill, Inc. from 1988 through April 2, 2008, when she was wrongfully terminated after twenty years of employment. Throughout Plaintiff's employment with Cargill, Plaintiff was consistently recognized as a good performer, and received marks indicating "Outstanding," "Very Good," "Exceeds Expectations" and/or "Meets Expectations" in all areas of her performance reviews prior to the promotion of Mr. Mapelli to Manager of Real Property in March, 2007. Plaintiff approached Aileen Fox, the Human Resources Manager in the Newark, California office, and asked for assistance in correcting the falsities that Mr. Mapelli had written in Plaintiff's performance review. Ms. Fox told Plaintiff it was "too bad" because Plaintiff had already signed her performance review, as directed to do so by Mr. Mapelli. Plaintiff then told Ms. Fox that she would be writing a rebuttal to her performance review, and asked that her rebuttal be placed in her personnel file. Ms. Fox told Plaintiff that "I could put it in your file, but it won't mean a thing."

Throughout the spring, summer and fall of 2007, Mr. Mapelli continued to express open hostility to Plaintiff at work, by blaming Plaintiff for taking actions and/or failing to take actions, directing his niece, Ms. Perreira, to keep a log of all of Plaintiff's arrivals, departures, breaks, and conversations Plaintiff had with others at the workplace, accusing Plaintiff of making mistakes at work, and refusing to apologize or even acknowledge his error when Plaintiff would prove to Mr. Mapelli that no mistake was made and/or Mr. Mapelli was wrong in his accusation, and blaming Plaintiff for mistakes that Ms. Perreira made, while not even approaching Ms. Perreira upon learning of her errors.

-3-

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Throughout this time, Plaintiff also began suffering from incontinence. Although Plaintiff took all preventative measures available, Plaintiff, on a couple of occasions, lost control of her bladder in front of other employees at work, and had to go home to change clothing. Plaintiff informed Mr. Mapelli, in the summer or fall of 2007, of her condition, and explained that, at times, Plaintiff would need to go home and change clothing. Plaintiff lives less than five (5) minutes away from the Cargill office. Mr. Mapelli indicated understanding of Plaintiff's condition. However, despite his understanding of the situation, Mr. Mapelli continued to discipline Plaintiff when Plaintiff suffered continued bladder issues by, among other actions, accusing Plaintiff of leaving the workplace without notice, and leaving for "hours" at a time.

Mr. Mapelli continued to create a hostile work environment for Plaintiff. In addition to the above-mentioned activities, including falsely accusing Plaintiff of errors, and continuing to give Plaintiff substandard performance reviews, Plaintiff began to realize that Mr. Mapelli was grooming his twenty-two year old niece, Ms. Perreira, for Plaintiff's position. Specifically, although Part-Time Clerks are normally temporary positions, Ms. Perreira has been working in her position for approximately two (2) years. Ms. Perreira is permitted to work at night and on weekends to earn enough hours to have benefits through Cargill, though other employees, including but not limited to Plaintiff, are told that they should not make a regular practice of working at night and on weekends. Further, Ms. Perreira has consistently told Plaintiff that her benefits are of utmost importance to Ms. Perreira. Ms. Perreira is to graduate from college this spring, just a few weeks after Plaintiff was wrongfully terminated by Mr. Mapelli, Ms. Perreira's uncle.

Due to the stress Plaintiff experienced from the hostile work environment created and continued by Mr. Mapelli, Plaintiff went on disability leave in approximately November 2006.

-4-

Plaintiff was diagnosed with work-related stress. In February, 2008, Plaintiff made a formal complaint to Aileen Fox, the Human Resources Manager at the Newark, California office of Cargill. Plaintiff complained of ageism and nepotism on the part of Mr. Mapelli.

On February 29, 2008, Plaintiff participated in a phone call with Ms. Fox regarding Plaintiff's return to work in March 2007. At that time, Ms. Fox conferenced in Les Iceton from Cargill's corporate office. Mr. Iceton expressed that he did not know why Plaintiff wanted to return to work, and stated that "when you come back to work, you [Plaintiff] know Pat's [Mr. Mapelli] just going to fire you, right?" After Plaintiff returned to work in March 2008 and participated in an investigation conducted by a consultant hired by Cargill, Inc., in which Plaintiff was questioned about her allegations against Mr. Mapelli, Plaintiff was terminated by Mr. Mapelli.

## III.   LEGAL ARGUMENT

### a.   This Court Does Not Have Proper Jurisdiction Over This Action, as Complete Diversity Does Not Exist Among the Parties.

Pursuant to 28 U.S.C. § 1332, complete diversity must exist between the parties in order for this Court to retain jurisdiction in this action. As specifically noted in Plaintiff's Motion to Remand this case to state court, which is to be heard concurrently with the instant motion, complete diversity does not exist. Plaintiff has alleged a cognizable cause of action against Individual Defendant Mapelli, a resident of the State of California. Plaintiff is also a resident of the State of California. Plaintiff's Sixth (6th) cause of action may be maintained against an individual, and thus, as noted in Plaintiff's Motion to Remand, Individual Defendant Mapelli's inclusion in this case was not a "fraudulent joinder" as alleged by Defendants. Thus, as complete diversity does not exist, federal jurisdiction is improper in this case.

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS MAPELLI AND ICETON

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

### b. **A Cause of Action Against Individual Defendants Mapelli and Iceton Was Alleged in Plaintiff's Complaint.**

Plaintiff does not deny Defendant's correct assertions that causes of action number 1-5 and 7 cannot be maintained against Individual Defendants Mapelli and Iceton. However, Plaintiff's sixth cause of action for retaliation against public policy is properly plead and can be maintained against Individual Defendants Mapelli and Iceton in their individual capacities. Defendants have not and cannot cite any California law, statutory, case law, or otherwise, to the contrary. Accordingly, Plaintiff's sixth (6th) cause of action for Retaliation in Violation of Public Policy is legally cognizable, and Defendant's motion under 12(b)(6) as it relates to Plaintiff's sixth (6th) cause of action must be denied.

### i. **Individual Defendants Mapelli and Iceton are Employers for Purposes of Establishing Liability for Retaliation in Violation of Public Policy.**

Plaintiff brought a cause of action against Individual Defendants Mapelli and Iceton, in their capacity as her employer, for retaliation in violation of public policy, pursuant to the cases of *Tameny v. Atlantic Richfield* Company (1980) 27 Cal. 3d 167 and *Rojo v. Kliger* (1990) 52 Cal. 3d 65. Specifically, Plaintiff alleged that Individual Defendants Mapelli and Iceton violated the fundamental and well-established public policy against discrimination, harassment or retaliation for reporting illegal activities" and further alleged that "[A]dverse employment actions taken by an employer in response to opposing discrimination or reporting illegal activity is contrary to said public policy and is thus actionable under the common law of said state." Complaint, ¶¶ 59, 60.

The *Tameny* and *Rojo* cases discussed specifically the "employer's" liability for a retaliatory discharge. Plaintiff's employment as an Administrative Assistant was governed by Industrial Wage Order No. 4-2001. Paragraph 2(H) of this order defines an employer as "any

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

1  person as defined in § 18 of the Labor Code, who directly or indirectly, or through an agent or

2  any other person, employs or exercises control over the wages, hours, or working conditions of

3  any person." IWC Order 4-2001. Further, § 18 of the California Labor Code states, in its

4  entirety, that "[P]erson means any person, association, organization, partnership, business trust,

5  limited liability company, or corporation." Cal. Labor Code § 18.

6

7      As discussed in Plaintiff's Complaint and in the above Statement of Facts, Individual

8  Defendant Mapelli was Plaintiff's direct supervisor, and controlled her day to day activities,

9  performance reviews, wages in the form of promotions and overtime, and Plaintiff's day to day

10  working conditions. Further, Individual Defendant Iceton, in his capacity of a Human Resources

11  officer of Cargill, Inc., controlled the wages and working conditions of Plaintiff, specifically as

12  said conditions related to Individual Defendant Mapelli's supervision of Plaintiff, and the

13

14  investigation and subsequent remedial measures Individual Defendant Iceton should have taken

15  regarding Plaintiff's complaints of discrimination and harassment.

16      Thus, Plaintiff's cause of action as plead against Individual Defendants Mapelli and

17  Iceton, in their capacity as her employer, establishes, on the face of the Complaint, a cause of

18  action against said Individual Defendants. Accordingly, from the face of the Complaint, it is

19  clear that a cognizable legal claim exists against Individual Defendants Mapelli and Iceton, and

20

21  that Defendant's motion to dismiss must be denied.

22
          **ii.   Under Current California Law, An Individual May Be Held**
23              **Personally Liable for Retaliation In Violation of Public Policy.**

24      Defendants have erroneously stated that individual liability for retaliation in violation of

25  public policy does not exist. Defendants base this assertion on <u>one</u> district court order that pre-

26  dates a closely-related decision of the California Supreme Court. Specifically, the January 2008

27  order relied upon by Defendants as their sole authority for the proposition that this cause of

28

-7-

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

1  action cannot be maintained by an individual predates the California Supreme Court's March

2  2008 decision in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 158 (2008). In

3  *Jones,* the California Supreme Court held that a cause of action for retaliation in violation of a

4  specific statutory provision, the FEHA, could not be maintained against an individual. However,

5  despite its recent analysis of the issue, the Court declined to extend this holding to causes of

6  action based upon retaliation in violation of the State's public policy. Defendants have not and

7

8  cannot cite any California authority to the contrary. Defendants' entire legal argument hinges on

9  the aforementioned District Court order, which is not binding on state courts, and does not reflect

10 the current state of the law. Indeed, the state courts, which act as the final arbiters of state law,

11 have declined to state that individuals cannot be held liable for retaliation in violation of public

12

13 policy. Finally, to the extent that Defendant claims any ambiguities exist with respect to state

14 law, a contention which Plaintiff fines erroneous in light of *Jones*, as stated above, "all disputed

15 questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's

16

17 favor…" *Coker v. Amoco Oil Co. supra* at 1440.

18      Accordingly, Plaintiff's sixth cause of action was properly plead and may be maintained

19 against Individual Defendants Mapelli and Iceton. Thus, Defendants' motion to dismiss the

20 Individual Defendants from this case must be denied insofar as it relates to Plaintiff's Sixth (6th)

21 cause of action, as Plaintiff has plead a legally cognizable cause of action against said Individual

22

23 Defendants.

24 **IV.    CONCLUSION**

25      For the foregoing reasons, Defendants' motion to dismiss Individual Defendants Mapelli

26 and Iceton pursuant to F.R.C.P. 12(b)(6) should be DENIED as it relates to Plaintiff's Sixth (6th)

27 Cause of Action for Retaliation in Violation of Public Policy.

28

-8-

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

1  Respectfully submitted,

2  DATED: May 29, 2008                LAW OFFICES OF MICHAEL HOFFMAN

3

4                                     /s/ Michael Hoffman
5                                     MICHAEL HOFFMAN
                                      BARBARA FIGARI
6
                                      Attorneys for Plaintiff
7                                     DELORA MARSHALL

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS INDIVIDUAL DEFENDANTS
MAPELLI AND ICETON