LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel   (415) 362-1111
Fax   (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorneys for Plaintiff DELORA MARSHALL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL<br><br>Plaintiff,<br><br>vs.<br><br>CARGILL, INC., a Corporation, PATRICK MAPELLI, an Individual, LES ICETON, an Individual, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. CV08-2422JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A JUDGMENT ON THE PLEADINGS OF PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR VIOLATION OF CAL. LABOR CODE § 923**<br><br>Hearing Date: June 19, 2008<br>Hearing Time: 8:00 a.m.<br>Courtroom: Ctrm 9, 19th Floor<br>Judge: The Honorable William J. Alsup |

I.   **INTRODUCTION**

Plaintiff Delora Marshall [hereinafter "Plaintiff"] brought an action against her former employers, Cargill, Inc., Patrick Mapelli, and Les Iceton, alleging age discrimination, disability discrimination, failure to prevent the same, and retaliation in violation of California's Fair Employment and Housing Act (FEHA); wrongful termination and retaliation in violation of public policy, and violation of Cal. Labor Code § 923.

Despite Plaintiff's pending Motion to Remand this case to state court on the grounds that federal jurisdiction is improper in a case where complete diversity does not exist, Defendants filed the instant motion for a judgment on the pleadings as to Plaintiff's Seventh (7th) Cause of Action alleging a violation of California Labor Code § 923. Assuming *arguendo* that this Court has jurisdiction, which it does not, Defendant's motion should be DENIED.

## II.    **PROCEDURAL POSTURE**

Plaintiff filed this action on April 9, 2008 alleging seven (7) causes of action against her employers Cargill, Inc., Patrick Mapelli, and Les Iceton. Defendants filed an Answer to Plaintiff's Complaint on May 7, 2008, and filed a notice of removal on May 12, 2008. Defendants' have alleged that Plaintiff's joinder of Individual Defendants Mapelli and Iceton was fraudulent, and that this Court may exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Subsequently, Plaintiff filed a Motion to Remand on May 15, 2008, that is to be heard concurrently with this Motion, arguing that Defendants' removal of this case is improper, as complete diversity does not and has never existed between all parties. Specifically, Plaintiff has alleged a cognizable cause of action of retaliation in violation of public policy against Individual Defendants Mapelli and Iceton, and accordingly, Plaintiff's inclusion of these Individual Defendants was proper and appropriate.

## III.    **STATEMENT OF FACTS**

Plaintiff worked as an Administrative Assistant in the Land Department of the Newark, California office of Cargill, Inc. from 1988 through April 2, 2008, when she was wrongfully terminated after twenty years of employment. Throughout Plaintiff's employment with Cargill, Plaintiff was consistently recognized as a good performer, and received marks indicating

"Outstanding," "Very Good," "Exceeds Expectations" and/or "Meets Expectations" in all areas of her performance reviews prior to the promotion of Mr. Mapelli to Manager of Real Property in March, 2007. Plaintiff approached Aileen Fox, the Human Resources Manager in the Newark, California office, and asked for assistance in correcting the falsities that Mr. Mapelli had written in Plaintiff's performance review. Ms. Fox told Plaintiff it was "too bad" because Plaintiff had already signed her performance review, as directed to do so by Mr. Mapelli. Plaintiff then told Ms. Fox that she would be writing a rebuttal to her performance review, and asked that her rebuttal be placed in her personnel file. Ms. Fox told Plaintiff that "I could put it in your file, but it won't mean a thing."

Throughout the spring, summer and fall of 2007, Mr. Mapelli continued to express open hostility to Plaintiff at work, by blaming Plaintiff for taking actions and/or failing to take actions, directing his niece, Ms. Perreira, to keep a log of all of Plaintiff's arrivals, departures, breaks, and conversations Plaintiff had with others at the workplace, accusing Plaintiff of making mistakes at work, and refusing to apologize or even acknowledge his error when Plaintiff would prove to Mr. Mapelli that no mistake was made and/or Mr. Mapelli was wrong in his accusation, and blaming Plaintiff for mistakes that Ms. Perreira made, while not even approaching Ms. Perreira upon learning of her errors.

Throughout this time, Plaintiff also began suffering from incontinence. Although Plaintiff took all preventative measures available, Plaintiff, on a couple of occasions, lost control of her bladder in front of other employees at work, and had to go home to change clothing. Plaintiff informed Mr. Mapelli, in the summer or fall of 2007, of her condition, and explained that, at times, Plaintiff would need to go home and change clothing. Plaintiff lives less than five (5) minutes away from the Cargill office. Mr. Mapelli indicated understanding of Plaintiff's

condition. However, despite his understanding of the situation, Mr. Mapelli continued to discipline Plaintiff when Plaintiff suffered continued bladder issues by, among other actions, accusing Plaintiff of leaving the workplace without notice, and leaving for "hours" at a time.

Mr. Mapelli continued to create a hostile work environment for Plaintiff. In addition to the above-mentioned activities, including falsely accusing Plaintiff of errors, and continuing to give Plaintiff substandard performance reviews, Plaintiff began to realize that Mr. Mapelli was grooming his twenty-two year old niece, Ms. Perreira, for Plaintiff's position. Specifically, although Part-Time Clerks are normally temporary positions, Ms. Perreira has been working in her position for approximately two (2) years. Ms. Perreira is permitted to work at night and on weekends to earn enough hours to have benefits through Cargill, though other employees, including but not limited to Plaintiff, are told that they should not make a regular practice of working at night and on weekends. Further, Ms. Perreira has consistently told Plaintiff that her benefits are of utmost importance to Ms. Perreira. Ms. Perreira is to graduate from college this spring, just a few weeks after Plaintiff was wrongfully terminated by Mr. Mapelli, Ms. Perreira's uncle.

Due to the stress Plaintiff experienced from the hostile work environment created and continued by Mr. Mapelli, Plaintiff went on disability leave in approximately November 2006. Plaintiff was diagnosed with work-related stress. In February, 2008, Plaintiff made a formal complaint to Aileen Fox, the Human Resources Manager at the Newark, California office of Cargill. Plaintiff complained of ageism and nepotism on the part of Mr. Mapelli.

On February 29, 2008, Plaintiff participated in a phone call with Ms. Fox regarding Plaintiff's return to work in March 2007. At that time, Ms. Fox conferenced in Les Iceton from Cargill's corporate office. Mr. Iceton expressed that he did not know why Plaintiff wanted to

return to work, and stated that "when you come back to work, you [Plaintiff] know Pat's [Mr. Mapelli] just going to fire you, right?" After Plaintiff returned to work in March 2008 and participated in an investigation conducted by a consultant hired by Cargill, Inc., in which Plaintiff was questioned about her allegations against Mr. Mapelli, Plaintiff was terminated by Mr. Mapelli.

### III. LEGAL ARGUMENT

#### A. This Court Does Not Have Proper Jurisdiction Over This Action, as Complete Diversity Does Not Exist Among the Parties.

Pursuant to 28 U.S.C. § 1332, complete diversity must exist between the parties in order for this Court to retain jurisdiction in this action. As specifically noted in Plaintiff's Motion to Remand this case to state court, which is to be heard concurrently with the instant motion, complete diversity does not exist. Plaintiff has alleged a cognizable cause of action against Individual Defendant Mapelli, a resident of the State of California. Plaintiff is also a resident of the State of California. Plaintiff's Sixth (6th) cause of action may be maintained against an individual, and thus, as noted in Plaintiff's Motion to Remand, Individual Defendant Mapelli's inclusion in this case was not a "fraudulent joinder" as alleged by Defendants. Thus, as complete diversity does not exist, federal jurisdiction is improper in this case.

#### B. Legal Standard for Judgment on the Pleadings

Defendant correctly states the standard for Judgment on the Pleadings. The court may grant judgment on the pleadings "when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *McGann v. Ernst & Young*, 102 F.3d 390, 329 (9th Cir. 1996). However, defendants have failed to meet the standard required by law to dismiss the action.

### C. There is a Distinction Between the Case at Bar and Those Relied Upon by Defendants for Dismissal of Plaintiff's Seventh Cause of Action.

Defendants rely upon *Montalvo v. Zamora*, 7 Cal.App.3d 69 (1970) and *Robinson v. Hewlett-Packard Corp.*, 183 Cal.App.3d 1108 (1986) to support their motion for judgment on the pleadings. However, both of these cases can be distinguished from the present case and therefore their holdings do not apply.

#### 1. California Labor Code § 923 Prohibits Coercion in Negotiations Surrounding the Terms and Conditions of Employment.

Defendants have cited *Montalvo, supra* for the proposition that an employee has the right to, "designate a representative to negotiate the terms and conditions of his employment", but that, "[the employer] does not violate [Cal. Labor Code § 923] by refusing to negotiate with an attorney or other representative of the individual employee. *Montalvo, supra*, 7 Cal.App.3d at 75.

However, *Montalvo* does not speak to circumstances surrounding Plaintiff's cause of action, which alleges coercion in the negotiations of terms and conditions surrounding Plaintiff's employment.

*Montalvo* expressly states that, "Clearly, the declared purpose of Labor Code section 923 is to guarantee to individual employees full freedom of self-organization and of association with others 'for the purpose of collective bargaining or other mutual aid or protection,' free from interference or coercion by their employers." *Id.* Paragraph 35 of the Complaint states that Ms. Newman informed Plaintiff that written Cargill policy governing internal investigations prohibited the Plaintiff from having her attorney present. This statement by Ms. Newman was explicitly incorrect and given to Plaintiff to prevent her from having legal council present during this investigation.

Ms. Newman's deliberate interference with Plaintiff's right to have an attorney present speaks directly to the "interference or coercion" *Montalvo* is concerned with supra. Had Cargill simply stated that Plaintiff could not have a lawyer present, as per their right if section 923 does not apply, there would be no issue. However, by stating that it was a written Cargill policy to not allow Plaintiff's attorney to be present at the investigation, Defendant Cargill went beyond its right to refuse to negotiate with Plaintiff's attorney and entered the realm of interference and coercion that § 923 is designed to protect against.

### 2. Defendants' Cited Authority Speaks Only to Small 'Gripes' and Not to Formal Complaints, as is the Issue in the Case at Bar.

Defendants take liberty with the scope of the decision in *Robinson*. Defendants state that *Robinson*, "held that the law does not require that an employee be allowed to have his or her chosen attorney present when the employer meets with the employee to discuss job performance or to hear employee "gripe"…because these matters do not involve negotiating the terms and conditions of employment." (Defendants Motion for Judgment on the Pleadings, 5:25-28). Plaintiff's case does not discuss a 'gripe' with employer but a formal complaint sent to corporate headquarters.

In *Robinson*, the court would not acknowledge the right of an employee to have an attorney present when voicing displeasure with the employee's boss, "Interpreted in its broadest form, we cannot discern in the wording of the statute any legislative intent to the effect that an employee has the right to have an attorney present at any time his boss discusses with him his good or poor performance." *Robinson, supra*, 183 Cal. App. 3d at 1132.

In the present case however, the interview that took place was more than a mere performance review and actually involved "formal internal investigation" about Plaintiff's formal terms and conditions of employment. Complaint ¶ 34. This formal investigation goes

beyond the scope of *Robinson*. *Robinson* was concerned with the diminution of corporate efficiency should every employee be allowed to have an attorney present at every meeting with a boss, "If an attorney is required at every informal job performance evaluation, every such evaluation would evolve into a mini-trial, and that would have serious effects on a given plant's efficiency." *Robinson,* 183 Cal. App. 3d at 1132. The concerns in *Robinson* stem from "informal job performance evaluations". As such, *Robinson* should have no bearing on a formal internal investigation initiated by corporate headquarters. This investigation goes well beyond the scope of *Robinson* and thus does not apply.

Furthermore, the formal investigation conducted by Ms. Newman would necessarily consider whether Mr. Mapelli would continue to be Plaintiff's supervisor. These circumstances would be crucial in deciding whether or not Plaintiff would continue to be employed at Cargill and as such, it does consist of "terms and conditions of employment" as required by section 923 to be valid. Section 923 provides that "it is necessary that the individual workman have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and that he shall be free from the interference, restraint, or coercion of employers of labor…" Cal Lab Code § 923 (2007).

Therefore, even if both *Montalvo* and *Robinson* apply, the Plaintiff had a right to have her attorney present since the formal investigation would impact the circumstances regarding the terms and conditions of her employment under section 923 of the California Labor Code.

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motion for a judgment on the pleadings of Plaintiff's Seventh (7th) Cause of Action must be DENIED.

Respectfully submitted,

| | |
|---|---|
| DATED: May 29, 2008 | LAW OFFICES OF MICHAEL HOFFMAN |
| | /s/ Michael Hoffman |
| | MICHAEL HOFFMAN |
| | BARBARA FIGARI |
| | Attorneys for Plaintiff |
| | DELORA MARSHALL |