Marjorie S. Fochtman, Bar No. 143201
Paul R. Lynd, Bar No. 202764
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendants
CARGILL, INC., PATRICK MAPELLI
and LES ICETON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELORA MARSHALL,

Plaintiff,

vs.

CARGILL, INC., a corporation; PATRICK MAPELLI, and individual; LES ICETON, an individual; and DOES 1 through 100, inclusive,

Defendants.

Case No. C08-02422 WHA

**DEFENDANT CARGILL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEY'S FEES TO PLAINTIFF**

Date: June 19, 2008
Time: 8:00 a.m.
Courtroom: Ctrm 9, 19th Floor
Judge: The Hon. William J. Alsup

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1

II. LEGAL ARGUMENT ........ 1

A. As A Matter Of Law, Plaintiff Cannot Establish Her Claim Against Mapelli For Retaliation In Violation Of Public Policy. ........ 1

B. Plaintiff's Purported New, But Unasserted, Causes Of Action Against Mapelli Do Not Support Remand. ........ 4

1. Plaintiff's Failure To Assert Harassment And Defamation Causes Of Action Bars Considering Those Unalleged Claims For Purposes Of Remand. ........ 4

2. In Any Event, The Allegations In Plaintiff's Complaint Do Not Support Causes Of Action Against Mapelli For Harassment And Defamation. ........ 6

C. Plaintiff's Request For Costs And Attorney's Fees Should Be Denied. ........ 9

III. CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Allied Programs Corp. v. Puritan Ins. Co.*,
592 F. Supp. 1274 (S.D.N.Y. 1984)........................................................ 4

*American Mutual Services Corp. v. United States Liability Ins. Co.*,
293 F. Supp. 1082 (E.D.N.Y. 1968) ........................................................ 5

*Cabalceta v. Standard Fruit Co.*,
883 F.2d 1553 (11th Cir. 1989)........................................................4, 8

*Gaw v. Arthur J. Gallagher & Co.*,
2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) ................................2, 3

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005)........................................................9

*McCabe v. General Foods Corp.*,
811 F.2d 1336 (9th Cir. 1987)........................................................5

*Montano v. Allstate Indemnity*,
2000 U.S. App. LEXIS 6852 (10th Cir. Apr. 14, 2000) ................................5

*Newman v. Forward Lands, Inc.*,
418 F. Supp. 134 (E.D. Pa. 1976) ........................................................5

*Parks v. New York Times Co.*,
308 F.2d 474 (5th Cir. 1962)........................................................5

*Payne v. Peter Kiewit & Sons', Inc.*,
2007 U.S. Dist. LEXIS 30600 (D. Neb. Apr. 25, 2007)................................6

*Pullman Co. v. Jenkins*,
305 U.S. 534 (1939)........................................................4, 8

*Whitaker v. American Telecasting, Inc.*,
261 F.3d 196 (2d Cir. 2001)........................................................5

### STATE CASES

*Gould v. Maryland Sound Industries, Inc.*,
31 Cal. App. 4th 1137 (1995)........................................................8

*Jones v. The Lodge at Torrey Pines Partnership*,
42 Cal. 4th 1158 (2008) ........................................................3, 4

*Kelly v. General Telephone Co.*
(1982) 136 Cal. App. 3d 278........................................................8

*Reno v. Baird*,
18 Cal. 4th 640 (1998) ....................3, 6, 7

*Reynolds v. Bement*,
36 Cal. 4th 1075 (2005) ....................2

*Rojo v. Kliger*,
52 Cal. 3d 65 (1990) ....................2

*Tameny v. Atlantic Richfield Co.*,
27 Cal. 3d 167 (1980) ....................2

*Taus v. Loftus*,
40 Cal. 4th 683 (2007) ....................7, 8

**FEDERAL STATUTES**

28 U.S.C. section 1447(c) ....................9

California Labor Code section 18 ....................2

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Cargill, Inc. ("Cargill") opposes Plaintiff Delora Marshall's Motion to remand this matter to state court. In her Motion, Plaintiff essentially concedes that she fraudulently joined Patrick Mapelli as a defendant. She named Mapelli as an individual defendant in her First through Sixth Causes of Action. Here, Plaintiff concedes that, as a matter of law, she has failed under California law to state a cause of action against Mapelli on her First through Fifth Causes of Action. *See* Pl.'s Motion, p. 3: 8-10; p. 7: 20-21. Although admitting that the bulk of her claims against Mapelli were a sham, Plaintiff attempts to cling to her Sixth Cause of Action. Despite law to the contrary, Plaintiff insists that she can sue Mapelli as an individual for retaliation in violation of public policy. Plaintiff is incorrect. Her argument has no support in California law. Indeed, she fails to cite any authority supporting her theory. To the contrary, the California Supreme Court and a recent decision from this Court demonstrate that Plaintiff cannot recover against Mapelli individually for retaliation in violation of public policy. This failure supports denial of Plaintiff's remand Motion, as her Complaint has no remaining cause of action against Mapelli, with the result being complete diversity between Plaintiff and the remaining defendants.

Plaintiff's last effort to avoid remand also fails. She attempts to argue that she has potential additional, but unasserted, causes of action against Mapelli that somehow allow him to remain as a defendant. Plaintiff's abstract claims are irrelevant here. As the established case law holds, determinations concerning removal and fraudulent joinder are made based on the causes of action actually alleged in the Complaint at the time of removal. Because Plaintiff failed to allege her purported causes of action in her Complaint, they are beside the point here. Even so, Plaintiff has no possibility of establishing the harassment and defamation causes of action that she now claims to have, based on the law and her Complaint as it existed at the time of removal. Accordingly, Plaintiff's Motion should be denied.

## II. LEGAL ARGUMENT

### A. As A Matter Of Law, Plaintiff Cannot Establish Her Claim Against Mapelli For Retaliation In Violation Of Public Policy.

Despite conceding that California law does not permit Plaintiff to sue Mapelli individually on

her first five causes of action, she insists that her similar Sixth Cause of Action for retaliation in violation of public policy is viable. California law forecloses this claim. ***See, e.g., Gaw v. Arthur J. Gallagher & Co.,*** 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) at *4-*7. Under the established law, including recent decisions, there is no possibility of Plaintiff establishing this cause of action against Mapelli.

Plaintiff erroneously argues that Mapelli can be individually liable because he allegedly was Plaintiff's "employer." ***See*** Pl.'s Motion, p. 11: 3-4. She attempts to ground her Sixth Cause of Action on ***Tameny v. Atlantic Richfield Co.***, 27 Cal.3d 167 (1980) and ***Rojo v. Kliger***, 52 Cal.3d 65 (1990). Complaint ¶ 68; Pl.'s Motion, p. 10: 11-14. While those cases recognized a public policy claim against an employer for the "employer's" retaliatory discharge, nothing in those cases recognized that an individual may be held liable. ***Tameny, supra,*** 27 Cal.3d at 170, 175. ***See also Gaw, supra,*** 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) at *5. Here, Plaintiff concedes that these cases only addressed an "employer's" liability rather than individual liability. ***See*** Pl.'s Motion, p. 10: 21-22.

Plaintiff argues that Mapelli was her "employer" because he supervised and directed her work. Although her lawsuit is a case of alleged discrimination and retaliation based on age and disability, Plaintiff relies on inapposite authority from the wage and hour context. She claims that Mapelli falls within the definition of "Employer" in the California Industrial Welfare Commission ("IWC") wage orders, which incorporates California Labor Code section 18, and thus can be held individually liable here. ***See*** Pl.'s Motion, p. 10: 22 – p. 11: 2.[1] This argument is contrary to the law. Not only is this authority inapposite because Plaintiff is not suing under the wage order or the California Labor Code, the California Supreme Court has rejected Plaintiff's same argument. ***Reynolds v. Bement***, 36 Cal.4th 1075 (2005)(holding that individuals are not personally liable for

---

[1] The wage orders govern minimum wage and wages, hours, and working conditions, with the latter as they relate to wage and hour matters, rather than generally. ***Reynolds v. Bement***, 36 Cal.4th 1075, 1084 (2005). Plaintiff cites the wrong wage order. She argues that California Industrial Welfare Commission Wage Order No. 4 (Professional, Technical, Clerical, Mechanical, and Similar Occupations) applied to her employment. ***See*** Pl.'s Motion, p. 10: 22-23. However, the correct order is Wage Order No. 1 (Manufacturing Industry). The two wages orders contain the same definition.

wages under definition of "employer," even if they exercised control over employees). Thus, Plaintiff's theory that Mapelli can be sued as her "employer" is unavailing.

Next, Plaintiff fails to cite <u>any</u> authority holding that a plaintiff can sue an individual for retaliation in violation of public policy. This absence of supporting authority demonstrates that Plaintiff's Sixth Cause of Action against Mapelli has no legal basis. Furthermore, the legal authority precludes such a claim. Plaintiff acknowledges that the California Supreme Court recently held in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1160 (2008), that individuals cannot be personally liable for retaliation under the California Fair Employment and Housing Act ("FEHA"). ***See*** Pl.'s Motion, p. 11: 17-19. However, she misstates the *Jones* decision in arguing (without citation) that "the Court declined to extend this holding to causes of action based upon retaliation in violation of the State's public policy." ***See*** Pl.'s Motion, p. 11: 19-22. *Jones* did not decline to extend its holding as Plaintiff asserts. Rather, the issue was not presented. *See Jones*, supra, 42 Cal.4th at 1158. It thus does not support Plaintiff's argument that California allows suit against an individual for retaliation in violation of public policy.

As this Court has held, California law does not recognize a claim against individuals for retaliation in violation of public policy. *Gaw, supra,* 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) at *4-*7. *Gaw* held that cases involving the tort of retaliation in violation of public policy, such as *Tameny*, imposed liability only on the employer, not on individuals. *Id.* at *5. Contrary to Plaintiff's arguments, the recent decision in *Jones* confirms the holding in *Gaw*. As this Court recognized in *Gaw*, the California Supreme Court has held that, when a statute does not give rise to individual liability, "'[i]t would be absurd . . . to then allow essentially the same action under a different rubric [i.e., under the common law]." *Id.*, quoting *Reno v. Baird*, 18 Cal.4th 640, 664 (1998)(holding that FEHA does not allow suit against individuals for discrimination). Thus, because *Jones* disapproved individual liability for retaliation, it likewise would be absurd to allow Plaintiff to recast her forbidden claim as a public policy claim and pursue indirectly a claim that she cannot pursue directly. This result logically follows from *Jones*. In that case, that California Supreme Court extended its holding in *Reno* to retaliation claims, making clear that "the same rule applies to actions for retaliation that applies to actions for discrimination." *Jones, supra,* 42 Cal.4th at 1160. Thus,

although *Gaw* predated *Jones*, its decision was correct and has been confirmed.

Accordingly, as a matter of law, Plaintiff cannot establish a claim against Mapelli as an individual for retaliation in violation of public policy.

### B. Plaintiff's Purported New, But Unasserted, Causes Of Action Against Mapelli Do Not Support Remand.

#### 1. Plaintiff's Failure To Assert Harassment And Defamation Causes Of Action Bars Considering Those Unalleged Claims For Purposes Of Remand.

Plaintiff's purported causes of action against Mapelli for harassment and defamation also do not support remand. Although she alleged a variety of six causes of action against Mapelli, Plaintiff failed to allege any cause of action for harassment or defamation in her Complaint. They thus are not part of this case. Instead, Plaintiff urges that she purportedly has some abstract potential causes of action against Mapelli on these bases, with these phantom claims somehow warranting remand. Plaintiff is incorrect.

Because Plaintiff failed to include in her Complaint causes of action against Mapelli for harassment and defamation, they are beside the point here. The determination of whether there is a possibility that Plaintiff has stated a cause of action against Mapelli is not made looking in the abstract at claims that Plaintiff possibly could assert, as Plaintiff seeks, but rather is based on the causes of action actually alleged in the Complaint. "These determinations should be based upon the plaintiff's pleadings at the time of removal." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). Thus, causes of action that might appear later, but which were not alleged in the Complaint at the time of removal, cannot be considered in determining whether to remand the case. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)(holding that court erred in basing remand determination on matter that appeared in amended complaint after removal, because the issue "was to be determined according to the plaintiffs' pleading at the time of the petition for removal.").

Following this rule, courts have looked only at the separate causes of action specifically alleged in a Complaint at the time of removal. "Joinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state <u>on the cause alleged</u>.'" *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276 (S.D.N.Y.

1984), quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)(emphasis added). For example, in *American Mutual Services Corp. v. United States Liability Ins. Co.*, 293 F. Supp. 1082 (E.D.N.Y. 1968), the court limited its determination of whether there is "a possibility that the plaintiff has stated a cause of action" solely on the causes of action actually alleged. *Id.* at 1084. There, the complaint alleged only one cause of action, which failed as a matter of state law. Despite the plaintiff's insistence that it could establish an alternative cause of action, "[n]owhere is there set out any cause of action in the alternative." *Id.* The court concluded that "[t]he mere allegations, without more, that there is a possibility" of establishing the additional cause of action not alleged "is not enough to defeat removal." *Id.* Such insufficient mere allegations, however, are all the plaintiff has offered.

Other courts have followed the same approach, limiting their analysis only to the causes of action actually alleged to determine whether there is a possibility that the plaintiff has stated a cause of action. *See, e.g., Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001)(determining remand motion based only on causes of action separately alleged in compliant, concluding that complaint "does not state a cause of action" against the non-diverse defendant); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)(same); *Newman v. Forward Lands, Inc.*, 418 F. Supp. 134, 136-137 (E.D. Pa. 1976)(same). Moreover, in *Montano v. Allstate Indemnity*, 2000 U.S. App. LEXIS 6852 (10th Cir. Apr. 14, 2000), on which Plaintiff relies, the court limited its analysis only to the causes of action for malpractice and breach of fiduciary actually alleged against the non-diverse defendant. *Id.* at *6-*11.

Plaintiff's effort to defeat removal based on belated, unasserted causes of action is disingenuous. She improperly seeks to make her Complaint a moving target and a game of playing hide the ball. Plaintiff failed to allege causes of action for harassment or defamation in her Complaint. These purported claims thus did not exist at the time of removal. For purposes of removal, Defendants and the Court reasonably should be able to rely on the notice afforded by Plaintiff's Complaint as it existed at the time of removal, based on the causes of action actually alleged. When confronted with removal, Plaintiff should not be able to suddenly emerge and defeat removal based on purported new causes of action not presented by her Complaint. Otherwise, no

case could be removed based on diversity because, after removal, the Plaintiff could simply shift ground by claiming to have new unasserted causes of action in order to defeat diversity jurisdiction.

Here, Plaintiff asserted six causes of action against Mapelli. She now concedes that five of them cannot be maintained as a matter of law. As discussed, the sixth claim also fails as a matter of law. Plaintiff is unable to muster any authority supporting her Sixth Cause of Action against Mapelli. These circumstances demonstrate fraudulent joinder. Plus, her failure to allege causes of action against Mapelli for harassment and defamation before removal demonstrates that Plaintiff did not believe those claims were viable – further suggesting fraudulent joinder here with respect to these phantom new claims.

**2. In Any Event, The Allegations In Plaintiff's Complaint Do Not Support Causes Of Action Against Mapelli For Harassment And Defamation.**

Additionally, Plaintiff has no possibility of establishing her new unasserted causes of action under California law. First, with respect to harassment, it is irrelevant that Plaintiff may have obtained a right-to-sue letter concerning a possible harassment claim against Mapelli. *See* Pl.'s Motion, p. 24-26. Contrary to Plaintiff's arguments, nowhere does her Complaint allege that she received a right-to-sue letter authorizing her to sue Mapelli for harassment. *See* Complaint ¶¶ 7-8 (generally alleging filing of charge of discrimination and that Plaintiff "has satisfied all private, administrative and judicial requisites"). Plus, "a right to sue letter does not establish that plaintiff has a valid claim." *Payne v. Peter Kiewit & Sons', Inc.*, 2007 U.S. Dist. LEXIS 30600, *4-*5 (D. Neb. Apr. 25, 2007).

Plaintiff's purported harassment allegations are based on nothing more instances of Mapelli criticizing and evaluating Plaintiff's job performance, as well as monitoring her attendance and behavior – all while acting as her manager. *See* Pl.'s Motion, p. 9:26 – p. 10: 2; Complaint ¶¶ 23-24, 27-29, 36. Mapelli was Plaintiff's manager. *See* Complaint ¶¶ 13, 22. As a matter of California law, Mapelli's alleged actions are not actionable as harassment under the FEHA because all involve actions necessary for personnel management. *Reno, supra,* 18 Cal.4th at 645-647. "[T]he exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." *Id.* at 646. Personnel decisions are "conduct of a

type fundamentally different from the type of conduct that constitutes harassment." *Id.* Thus, the California Supreme Court recognized,

> commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, *performance evaluations*, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, *and the like*, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.

*Id.* at 646-647 (emphasis added). Each of Mapelli's actions comprising Plaintiff's purported harassment cause of action fall within these actions necessary for business and personnel management. Because they cannot be deemed to be "harassment," Plaintiff cannot establish any cause of action for harassment.

Furthermore, Plaintiff cannot establish any cause of action against Mapelli for defamation. Looking at the Complaint at the time of removal, as required, it does not state allegations supporting a cause of action for defamation. The term "defamation" does not appear at all in Plaintiff's Complaint, evidencing that she has not alleged a defamation claim. In her Motion, Plaintiff further does not specify what her purported defamation claim is. She fails to identify any specific allegations in her Complaint as supporting this purported cause of action. Instead, Plaintiff vaguely asserts that "Mr. Mapelli has made numerous written statements, including but not limited to statements in Plaintiff's performance evaluations, that are defamatory in nature." Pl.'s Motion, p. 9: 13-14. Thus, Plaintiff has failed not only to show what her purported, but unasserted, defamation claim is, much less how it already may have existed in her Complaint at the time of removal.

In addition, Plaintiff's Complaint fails to allege at any point that Mapelli either published any false statement concerning Plaintiff, or did not have a good faith belief in any statement he published concerning Plaintiff. *See* Complaint. Publication of a "false" statement is an element of a defamation claim. *See Taus v. Loftus*, 40 Cal.4th 683, 720 (2007). Plaintiff's Motion concedes this point, as well as that she has not included this necessary allegation. Rather, Plaintiff argues that her

Complaint's allegations "***suggest that Plaintiff could explicitly allege that Mr. Mapelli lacked a good faith belief*** in many of the statements in his writings about Plaintiff." Pl.'s Motion, p. 9: 7-8 (emphasis added). Standing alone, mere alleged statements by Mapelli are not sufficient for a defamation cause of action. Plaintiff's conceded lack of alleged falsity eliminates any claim that her Complaint, at the time of removal, alleged any cause of action against Mapelli for defamation. *See Cabalceta, supra,* 883 F.2d at 1561. Plaintiff's further suggestion that an amendment to her Complaint might allow her to state a defamation cause of action also is beside the point, as removal is determined based solely on the allegations at the time of removal, without consideration of any actual or potential amendment. *See Pullman, supra,* 305 U.S. at 537. Also, the Complaint fails to allege facts supporting any of the other elements for a defamation claim. *See Taus, supra,* 40 Cal.4th at 720 ("defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage").

Finally, Plaintiff cannot establish a defamation cause of action against Mapelli with respect to the statements she cites from her performance reviews. The alleged statements are simply that Mapelli gave Plaintiff "mediocre marks" and "substandard performance reviews." *See* Complaint ¶¶ 23, 29. As a matter of law, California does not permit a defamation claim over such statements of opinion in an employee's performance reviews. *See Gould v. Maryland Sound Industries, Inc.*, 31 Cal.App.4th 1137, 1153-1154 (1995)(holding that supervisor's statement accusing employee of "poor performance" was "clearly a statement of opinion" and not defamatory). Moreover, Plaintiff does not allege that Mapelli published any allegedly defamatory statements to third parties, but rather only that he made statements to Plaintiff concerning her poor performance and accusing her of making mistakes. *See* Complaint ¶¶ 23, 27, 29. Without the requisite publication of the statement to a third-party other than Plaintiff, there cannot have been any defamation. *See Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284 (holding publication "occurs when a statement is communicated to any person other than the party defamed.")

Accordingly, in addition to the fact that Plaintiff has not alleged any cause of action for defamation, the allegations in her Complaint do not support such a cause of action. She thus has no possibility of establishing a defamation cause of action against Mapelli. At bottom, Plaintiff's

purported harassment and defamation causes of action are phantom claims that cannot justify remand.

**C. Plaintiff's Request For Costs And Attorney's Fees Should Be Denied.**

Plaintiff's request for costs and attorney's fees should be denied. As discussed, Cargill properly removed the matter to this Court because Plaintiff fraudulently joined Mapelli as a defendant in order to defeat diversity jurisdiction. Plaintiff concedes that she cannot establish five of her six causes of action against Mapelli as a matter of law, demonstrating fraudulent joinder. She further cannot establish her Sixth Cause of Action against Mapelli, nor do the two unasserted causes of action that she now claims to have against Mapelli defeat diversity jurisdiction. When Mapelli is disregarded as a fraudulently joined defendant, complete diversity exists between Plaintiff and the remaining defendants. Thus, removal was proper and the motion should be denied, rendering Plaintiff's request for costs and attorney's fees moot. Additionally, an award of costs and attorney's fees under 28 U.S.C. section 1447(c) is not mandatory in any event. As demonstrated, Cargill had an "objectively reasonable basis for removal," precluding an award of costs and attorney's fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Order Remanding Case to State Court and Awarding Costs And Attorney's Fees to Plaintiff should be denied.

| Dated: May 29, 2008 | NIXON PEABODY LLP<br><br>By: /s/ Paul R. Lynd<br>PAUL R. LYND<br>Attorneys for Defendants<br>CARGILL, INC., PATRICK MAPELLI and LES ICETON |
|---|---|