LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel    (415) 362-1111
Fax   (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL | Case No.  C08-02422 WHA |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |
| CARGILL, INC., a Corporation, PATRICK MAPELLI, an Individual, LES ICETON, an Individual, and DOES 1 through 100, inclusive | Date: June 19, 2008 Time: 8:00 a.m. Courtroom: Ctrm. 9, 19th Floor Judge: The Honorable William J. Alsup |
| Defendants. | |

I.    **INTRODUCTION**

Defendant has failed to cite authority to refute the legal arguments articulated Plaintiff's Motion to Remand. Plaintiff's motion to remand this case is made in accordance with the prevailing statutory and case law of the State of California that holds that Individual Defendant Mapelli may be held liable for retaliation.  Plaintiff's motion to remand the case back to State Court should be GRANTED and Plaintiff should be awarded costs and attorney fees of this Motion.

-1-

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

## II.    PROCEDURAL POSTURE

Plaintiff brought this action in the Superior Court of California in and for the County of Alameda. Defendant, rather than invoking the appropriate California State law procedural mechanisms of demurring, or moving to dismiss on the pleadings to Plaintiff's Complaint with regard to its contentions as to the causes of action alleged against Individual Defendant Mapelli, instead, improvidently removed this case to federal court. Defendant has failed to meet its burden that Individual Defendant Mapelli – who was Plaintiff's direct supervisor responsible for the discrimination and retaliation alleged in Plaintiff's Complaint – was "fraudulently" joined.

## III.    LEGAL ARGUMENT

### a.    Defendant Mapelli Can Be Held Liable For Retaliation In Violation Of Public Policy As A Matter Of Law.

Defendant attempts to refute Plaintiff's claim for violation of public policy by stating that, "there is no possibility of Plaintiff establishing [a cause of action for violation of public policy] against Mapelli." *See* Defendant's Opposition P. 2: 4-5.  Defendant supports this point with reliance on *Gaw v. Arthur J. Gallagher & Co.*, 20008 U.S. Dist. LEXIS 1988 (N.D. Cal. Jan 9, 2008).  However, it is well established that Federal Court rulings do not control California law.  Specifically, "federal decisions on matters of California law, 'although entitled to respect and careful consideration, [are not] binding or conclusive on the courts of this state.' (*Bank of Italy Etc. Assn. v. Bentley* (1933) 217 Cal. 644, 653, 20 P.2d 940.)" *Miller v. Collectors Universe, Inc.* 159 Cal.App.4th 988, 1001, (Cal.App. 4 Dist.,2008).  As such, the claim that there is no possible way of establishing Plaintiff's cause of action for Retaliation in violation of public policy is plainly incorrect.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Next, Defendants state that by absence of supporting authority, Plaintiff's cause of action for retaliation in violation of public policy must fail. *See* Defendant's Opposition P. 3: 4-5.  On the contrary, in order to remove this case, <u>Defendants have the burden of proving that the requisite jurisdiction exists to support removal.</u> *Soo v. United Parcel Service,* 73 F.Supp.2d 1126, 1128 (1999) (citing *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). Additionally, "[w]hen a case is removed to federal court there is a *strong presumption* against jurisdiction." *Id.* (emphasis added). The inability of Defendants to show cause for removal with valid support means that the case must be remanded.

When a defendant argues, as here, that a non-diverse defendant is a "sham," that argument alone cannot establish diversity jurisdiction. The Defendants can succeed only if they can show that Plaintiff has failed to state any cause of action against the non-diverse defendant, and such failure is *obvious according to the settled rules of the state*. *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). (emphasis added). As a matter of general principle, courts typically employ a presumption against fraudulent joinder. *Diaz v. Allstate Ins. Group,* 185 F.R.D. 581, 586 (C.D. Cal. 1998). This presumption is expressed in a series of onerous requirements removing parties must meet, including:

1. Defendants who assert fraudulent joinder carry the heavy burden of demonstrating that "there is no possibility that the plaintiff will be able to establish a cause of action in state court against the allegedly sham defendant." *Id., citing Good v. Prudential*

2. The defendants must show to "a near certainty" that the joinder was fraudulent. *Id., citing Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (N.D. Cal. 1980).

3. Merely showing that an action is likely to be dismissed against the non-diverse defendant does not demonstrate fraudulent joinder; rather, "[t]he standard is not

-3-

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

1    whether plaintiffs will actually or even probably prevail on the merits, but whether

2    there is a possibility that they may do so. *Id.* (citations omitted).

3        In making these determinations, the court must resolve all disputed questions of fact and

4    all ambiguities in the controlling state law in favor of the plaintiff. *Soo,* 73 F.Supp.2d at 1128

5    (citations omitted). While Defendants state that no case law is on point as to the matter of

6    
7    individual liability for retaliation in violation of public policy, they also fail to bring valid case

8    law that supports the contention that there would be no individual liability.  Defendants' only

9    support is that that *Gaw* does not recognize a claim against individuals. However, as previously

10   mentioned, *Gaw* is not authoritative as to California law.  Additionally, as the authority cited

11   
12   above makes abundantly clear, any ambiguities in the state law support Plaintiff's motion to

13   remand this action because the law is unsettled.

14       Defendants then attempt to extrapolate what California law *might* be in regards to

15   individual liability for retaliation in violation of public policy by using case law for FEHA.  The

16   
17   fact that the California Supreme Court has held that an individual is not liable for retaliation for

18   FEHA does not mean that the same can be said for retaliation in violation of public policy.

19   Defendants cannot possibly meet the above-mentioned burden of "a near certainty" that joinder

20   was fraudulent.

21       **b.  Plaintiff's Complaint, on Its Face, States Both One Specific Cause of Action
22           Against Individual Defendant Mapelli, *and* the Possibility of Several More,
            and Defendant's Citation to "Contrary" Law is Intentionally Incomplete.**
23

24   "If there is *even a possibility* that a state court would find that the complaint states a cause of

25   action against any one of the resident defendants, the federal court must find that joinder was

26   proper and remand the case to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.

27   1997) (emphasis added).

28

-4-

1   Plaintiff's Complaint, at the time of removal, asserted a cause of action against Individual

2   Defendant Mapelli for retaliation in violation of public policy which, as described in Plaintiff's

3   Motion to Remand and again above, may be brought and maintained against an individual

4   defendant.  Further, as the facts set forth in Plaintiff's Complaint, and outlined in Plaintiff's

5   Motion make abundantly clear, Plaintiff may assert causes of action against Individual

6
    Defendant Mapelli for harassment and defamation.  These facts were in Plaintiff's Complaint at
7
    the time of removal, and thus may be considered by this Court in deciding whether to remand
8
    this action. *Cabalceta v. Standrd Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).
9
        Defendants', in their "argument" against this well settled notion of law surrounding removal,
10
    have relied upon decades old cases from obscure, non-binding jurisdictions, such as the Eastern
11
    District of New York.  Further, the opinion of the United States Supreme Court relied upon by
12
    Defendants' specifically states that removal is to be determined according to Plaintiff's *pleading*
13
    – not Plaintiff's causes of action- at the time of removal.  Most outrageously, <u>*Defendants failed*</u>
14
    <u>*to state the entire sentence of the case law they relied upon for support, and in fact represented*</u>
15
    <u>*the opposite to this Court.*</u>  Specifically, Defendants stated that '[J]oinder will be considered
16
    fraudulent when it is established that there can be no recovery [against the defendant] under the
17
    law of the state <u>on the cause alleged.</u>'" (See Def. Opp. 4:26-28, quoting *Allied Programs Corp. v.*
18
    *Puritan Ins. Co.*, 592, F.Supp. 1274, 1276, (S.D.N.Y. 1984).  The **full** sentence actually reads,
19
    "Joinder will be considered fraudulent when it is established that there can be no recovery
20
    against the defendant under the law of the state on the cause alleged, or on the facts in view of
21
    the law as they exist when the petition to remand is heard." *Id.*  Defendants.  As the law actually
22
    reads, Plaintiff's facts, in view of the laws permitting actions against individuals for harassment
23
    and defamation, demand that Plaintiff's case *must* be remanded back to state court.
24

25

26

27

28

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

-5-

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

Moreover, Plaintiff's Complaint gave all parties ample notice of both the fact that a cognizable cause of action, retaliation in violation of public policy, existed against Individual Defendant Mapelli. The fact that Defendants do not agree with the law of the State of California does not change the fact that Plaintiff's Sixth Cause of Action *is properly maintained against Individual Defendant Mapelli.* Further, Plaintiff's Complaint gave ample notice of *all* underlying facts regarding possible causes of action for harassment and defamation. It is Defendants who are being disingenuous in wasting this Court's time by removing this case rather than demurring to Plaintiff's Complaint as a first course of action, and by refusing to provide the Court with the actual state of the law as it relates to removal.

## IV.    CONCLUSION

In short, Defendants have failed to meet the extremely high burden of showing, to a "near certainty," that Plaintiff's joinder of Individual Mapelli was fraudulent. Plaintiff's Sixth Cause of Action is cognizable against Individual Defendant Mapelli, and Plaintiff has plead sufficient facts to permit the possibility of other causes of action at the time of removal. Defendants' argument to the contrary and premature removal, combined with its disingenuous citation to black letter law is outrageous. Plaintiff's Motion to Remand should be GRANTED, and Plaintiff awarded the full costs of this Motion, in the amount of $2,600.00 dollars.

Respectfully submitted,

DATED: June 4, 2008                LAW OFFICES OF MICHAEL HOFFMAN
                                   /s/ Michael Hoffman
                                   MICHAEL HOFFMAN
                                   BARBARA FIGARI Attorneys for Plaintiff:
                                   DELORA MARSHALL

-6-

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN SBN 154481
BARBARA FIGARI SBN 251942
22 Battery Street, Ste. 1000
San Francisco, CA 94111
Tel    (415) 362-1111
Fax   (415) 362-1112
Email: mhoffman@employment-lawyers.com

Attorney for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL | Case No.  CV08-2422JCS |
| Plaintiff, | |
| vs. | **DECLARATION OF MICHAEL HOFFMAN** |
| CARGILL, INC., a Corporation, PATRICK MAPELLI, an Individual, LES ICETON, an Individual, and DOES 1 through 100, inclusive | |
| Defendants. | |

I, Michael Hoffman, declare as follows:

1.  I am an attorney duly licensed to practice law in the State of California and before this Court.

I am an attorney with the Law Offices of Michael Hoffman, attorneys of record for Plaintiff

Delora Marshall.  I have personal knowledge of the matters stated herein and, if called upon to

testify as a witness, could and would competently testify thereto.

2.  This declaration is submitted in regard to attorneys' fees and costs expended in preparing and

filing Plaintiff's Motion to Remand, with which this Declaration is concurrently submitted.

-7-

LAW OFFICES OF MICHAEL HOFFMAN
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

3.  I am informed and believe that Defendants had no reasonable basis for removing this case to federal court.  I am informed and believe that the cause of action for retaliation in violation of public policy is a cause of action that may be maintained against an Individual Defendant, and for which said Individual Defendant may be held personally liable.  I am informed and believe that the Plaintiff in this case plead retaliation in violation of public policy as a proper cause of action against Individual Defendant Mapelli.

4. I am familiar with market rates of attorneys in the Bay Area in various kinds of cases from practicing on a daily basis in this area for the last 12 years, and from numerous discussions with other attorneys over time, as well as from attending various attorneys' conferences. My regular rates which I charge paying clients over time have, to my knowledge, been at a reasonable market rate for attorneys in the Bay Area with our particular background, years of experience, type of experience, knowledge, and results, and represent a reasonable market rate in the case herein for the time spent and type of work done. My regular hourly rates for the time periods pertinent to this case have been as follows: $300 per hour from October 2001, through May 2003, and $400 per hour from June 2003 through the present. This amount includes all copies, faxes, U.S. Mail costs, as well as internet and other in-house expenses.

5.  I spent 4.25 hours in preparing the motion to remand, and 2.25 hours in preparing this reply, and thus requests costs and attorneys fees in the amount of two thousand six hundred dollars ($2,600).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California, on June 4, 2008.

/s/ Michael Hoffman
MICHAEL HOFFMAN, ESQ.

-8-

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF MICHAEL HOFFMAN**
22 Battery Street, Ste. 1000
San Francisco, CA 94111
(415) 362-1111

[PROPOSED] ORDER