1  Marjorie S. Fochtman, Bar No. 143201
   Paul R. Lynd, Bar No. 202764
2  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
3  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
4  Fax:  (415) 984-8300

5  Attorneys for Defendants
   CARGILL, INC., PATRICK MAPELLI
6  and LES ICETON

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | DELORA MARSHALL, | Case No.  C08-02422 WJA |
12 | Plaintiff, | |
13 | vs. | **REPLY BRIEF OF DEFENDANTS PATRICK MAPELLI AND LES ICETON IN SUPPORT OF THEIR MOTION TO DISMISS** |
14 | CARGILL, INC., a corporation; PATRICK MAPELLI, and individual; LES ICETON, an individual; and DOES 1 through 100, inclusive, | |
15 | | Date:       June 19, 2008 |
16 | Defendant. | Time:       8:00 a.m.<br>Courtroom: Ctrm 9, 19th Floor<br>Judge:      The Hon. William J. Alsup |

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Individual defendants Patrick Mapelli and Les Iceton submit this Reply Brief in support of their Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants seek dismissal of the First through Sixth Causes of Action alleged against them by Plaintiff Delora Marshall. In her Opposition, Plaintiff concedes that Defendants are "correct" that she cannot maintain her First, Second, Third, Fourth, and Fifth Causes of Action against them. Pl.'s Opp., p. 2: 1-3; p. 6: 3-4.[1] Plaintiff defends only her Sixth Cause of Action, brought against Defendants as individuals for retaliation in violation of public policy. She incorrectly maintains that Defendants can be held liable for retaliation in violation of public policy under California law. However, Plaintiff is unable to cite any authority supporting her position. Simply put, her arguments have no support in California law. Defendants were not Plaintiff's "employers," and thus cannot be sued as individuals. Further, Plaintiff's attempt to sue Defendants as individuals is contrary to decisions from the California Supreme Court and this Court holding that individuals cannot be held liable for retaliation. Accordingly, Plaintiff cannot maintain her Sixth Cause of Action against Defendants as individuals. Their Motion to Dismiss should be granted in full.

## II. LEGAL ARGUMENT

### A. As Individuals, Defendants Were Not Plaintiff's "Employers" For Purposes Of A Retaliation In Violation Of Public Policy Claim.

Plaintiff incorrectly argues that she can sue Defendants individually for retaliation in violation of public policy because, as supervisors or managers, they each somehow were her "employer." As she must, Plaintiff acknowledges that California's tort of wrongful discharge or retaliation in violation of public policy is limited to an "employer's" action, not an individual's action. *See* Pl.'s Opp., p. 6: 26-27. *See also Gaw v. Arthur J. Gallagher & Co.,* 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) at *5; *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170, 175 (1980). However, Plaintiff is mistaken in arguing that the individual Defendants were her "employer" simply because they directed her work and may have set her wages or working conditions. These attributes do not

---

[1] Plaintiff further concedes that she cannot maintain her Seventh Cause of Action against Defendants, even though she has not alleged it against them in the Complaint. *See* Pl.'s Opp., p. 2: 1-3; p. 6: 3-4.

-1-

REPLY BRIEF OF DEFENDANTS PATRICK
MAPELLI AND LES ICETON IN SUPPORT OF
THEIR MOTION TO DISMISS

11037449.1

render Defendants to be Plaintiffs' employer, nor does it make them individually liable. Significantly, Plaintiff fails to cite any authority holding that supervisors or managers become "employers" (and thus subject to suit as an employer) merely by directing an employee and performing their usual supervisory or managerial duties.

Plaintiff attempts to create an employer-employee relationship and liability by relying on the definition of "Employer" in the California Industrial Welfare Commission ("IWC") wage orders, which incorporates California Labor Code section 18. *See* Pl.'s Opp., p. 6: 27 – p. 7: 6.[2] For two reasons, this authority is unavailing to Plaintiff. First, the IWC wage orders and the California Labor Code apply only in the wage and hour context, an altogether different situation than Plaintiff's Sixth Cause of Action. They also are not the public policies on which Plaintiff bases her Sixth Cause of Action. Plaintiff alleges that Defendants retaliated against her in violation of public policy for "having opposed unlawful employment practices based upon disability and age discrimination." Complaint ¶ 70. The wage orders and the California Labor Code do not concern disability and age discrimination. Rather, the wage orders govern minimum wage and wages, hours, and working conditions, with the latter as they relate to wage and hour matters. *Reynolds v. Bement*, 36 Cal.4th 1075, 1084 (2005); Cal. Code Regs, tit. 8, § 11010 (IWC Wage Order No. 1 (Manufacturing Industry)). California law addresses disability and age discrimination in the California Fair Employment and Housing Act, located in the California Government Code. *See* Cal. Gov't Code § 12940 *et seq.* Accordingly, the definition of "Employer" in the IWC wage orders or the California Labor Code has no relevance here.

Secondly, the California Supreme Court has rejected Plaintiff's same argument. It has held that even in the wage and hour context the IWC wage orders and California Labor Code section 18 do not impose liability on an individual acting on an employer's behalf because he "exercises control" over an employee. *Reynolds, supra,* 36 Cal.4th at 1085-1088 (holding that individuals are not personally liable for wages under definition of "employer," even if they exercised control over

---

[2] Plaintiff cites the wrong wage order. She argues that California Industrial Welfare Commission Wage Order No. 4 (Professional, Technical, Clerical, Mechanical, and Similar Occupations) applied to her employment. *See* Pl.'s Opp., p. 6: 27-28. The correct order is Wage Order No. 1 (Manufacturing Industry). The two wages orders contain the same definition.

1  employees). Thus, Plaintiff's theory that Defendants can be sued individually as Plaintiff's

2  "employers" is contrary to the law and affords no support for her Sixth Cause of Action.

### B. Current California Law Does Not Allow Suit Against An Individual For Retaliation In Violation Of Public Policy.

Additionally, Plaintiff incorrectly insists that current California law allows suit against an individual for retaliation in violation of public policy. Importantly, however, Plaintiff fails to muster any authority supporting her proposition. As discussed, she also concedes that Defendants cannot be sued individually on her first five causes of action, which are similar to the Sixth Cause of Action. Under current California law, the result is the same with respect to Plaintiff's Sixth Cause of Action.

Under California law, an individual cannot be sued individually for retaliation in violation of public policy. *Gaw, supra,* 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) at *4-*7. Plaintiff bases her Sixth Cause of Action on *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980). *See* Complaint ¶ 68; Pl.'s Opp., p. 6: 15-17. As Plaintiff acknowledges, *Tameny* recognized a tort of retaliation in violation of public policy against an employer, but not against individuals. *See* Pl.'s Opp., p. 6: 26-27. *See also Gaw, supra,* 2008 U.S. Dist. LEXIS 9188 (N.D. Cal. Jan. 9, 2008) at *5; *Tameny, supra,* 27 Cal.3d at 170, 175. Nothing in *Tameny*, or any other authority, has held that an individual may be liable.

Plaintiff further misstates the California Supreme Court's recent holding in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008). There, the California Supreme Court held that an individual cannot be personally liable for retaliation under the California Fair Employment and Housing Act ("FEHA"). *Id.* at 1160. Plaintiff incorrectly asserts that the court in *Jones* "declined to extend this holding to causes of action based upon retaliation in violation of the State's public policy." Pl.'s Opp., p. 7: 6-7. Plaintiff offers no citation in support of this proposition. She cannot do so because *Jones* made no such holding. Rather, the issue was not presented. *See Jones*, supra, 42 Cal.4th at 1158. Put simply, *Jones* does not support Plaintiff's argument in any way. Rather, Plaintiff misstates its holding in an upside-down effort to somehow claim that a decision disallowing individual liability for retaliation somehow supports it.

When analyzed correctly, *Jones* supports Defendants' motion for dismissal of the Sixth Cause

-3-

of Action. Contrary to Plaintiff's arguments, the recent decision in *Jones* confirms this Court's holding in *Gaw*. As recognized in *Gaw*, the California Supreme Court has held that, when a statute does not give rise to individual liability, "'[i]t would be absurd . . . to then allow essentially the same action under a different rubric [i.e., under the common law]." *Id.*, quoting *Reno v. Baird*, 18 Cal.4th 640, 664 (1998). In *Reno*, the California Supreme Court held that an individual cannot be sued individually for discrimination in violation of the FEHA, and therefore an individual cannot be sued for wrongful termination in violation of public policy. *Reno, supra,* 18 Cal.4th at 664. Thus, because *Jones* disapproved individual liability for retaliation under the FEHA, it likewise would be absurd to allow Plaintiff to recast her forbidden claim as a public policy claim and pursue indirectly a claim that she cannot pursue directly. This result logically follows from *Jones*. In that case, that California Supreme Court extended its holding regarding individual liability for discrimination in *Reno* to individual liability for retaliation claims, making clear that "the same rule applies to actions for retaliation that applies to actions for discrimination." *Jones, supra,* 42 Cal.4th at 1160.[3] Thus, although *Gaw* predated *Jones*, its decision was correct and has been confirmed. Accordingly, Plaintiff cannot state a cause of action against Defendants for retaliation in violation of public policy.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Causes of Action as alleged against them should be granted.

DATED: June 5, 2008                                Respectfully submitted,

By:   /s/ Paul R. Lynd
      PAUL R. LYND
      NIXON PEABODY LLP
      Attorneys for Defendants
      PATRICK MAPELLI and LES ICETON

---

[3] Plaintiff concedes that she cannot maintain her First, Second, and Fourth Causes of Action against Defendants because they cannot be sued individually on those causes of action. Those claims allege age and disability discrimination and wrongful termination in violation of public policy, respectively. Plaintiff further concedes that she cannot pursue her Fifth Cause of Action for retaliation against individual Defendants.

-4-