1  Marjorie S. Fochtman, Bar No. 143201
   Paul R. Lynd, Bar No. 202764
2  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
3  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
4  Fax:  (415) 984-8300

5  Attorneys for Defendants
   CARGILL, INC., PATRICK MAPELLI
6  and LES ICETON

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  DELORA MARSHALL,                          Case No.  C08-02422 WJA

12                    Plaintiff,

13       vs.                                  **DEFENDANT CARGILL, INC.'S REPLY
                                              BRIEF IN SUPPORT OF ITS MOTION FOR
14  CARGILL, INC., a corporation; PATRICK     JUDGMENT ON THE PLEADINGS ON
    MAPELLI, and individual; LES ICETON, an   PLAINTIFF'S SEVENTH CAUSE OF
15  individual; and DOES 1 through 100, inclusive,  ACTION**

16                    Defendant.              Date:        June 19, 2008
                                              Time:        8:00 a.m.
17                                            Courtroom:   9, 19th Floor
                                              Judge:       The Hon. William J. Alsup

18

19

20

21

22

23

24

25

26

27

28

1

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

2    Defendant Cargill, Inc. ("Cargill") submits this Reply Brief in support of its Motion for

3    Judgment on the Pleadings on Plaintiff's Seventh Cause of Action, brought pursuant to Rule 12(c) of

4    the Federal Rules of Civil Procedure.  California Labor Code section 923 protects an employee from

5    termination for exercising the right to designate a representative to negotiate the terms and conditions

6    of employment.  In Plaintiff's Seventh Cause of Action, she alleges that Cargill violated the statute

7    by not allowing her attorney to be present during a meeting between Plaintiff and a representative of

8    Cargill to investigate Plaintiff's complaints against her supervisor.  There was no "negotiation"

9    involved in the meeting within the meaning of California Labor Code section 923, so the statute does

10    not apply in Plaintiff's case.

11    As a matter of law, Plaintiff's Opposition further fails to demonstrate that she has an

12    actionable claim under California Labor Code section 923.  Plaintiff's arguments that she had a right

13    to have her attorney present because she made a "formal complaint" fails.  California law holds that

14    an employer may meet with an employee to discuss the employee's complaint, including complaints

15    about an employee's manager, without the presence of the employee's attorney.  Further, Plaintiff's

16    argument that Cargill somehow engaged in "coercion" is without merit.  Plaintiff's Complaint does

17    not allege any coercion, nor does the allegedly mistaken information given to Plaintiff regarding a

18    written policy prohibiting attorneys in internal investigations amount to any violation of the statute.

19    Finally, Plaintiff fails to allege in her Complaint, and fails to argue in her Opposition, that Cargill

20    terminated her employment *because* she retained an attorney.  The lack of such causal nexus is fatal

21    to Plaintiff's claim.  Therefore, Cargill's Motion should be granted and Plaintiff's Seventh Cause of

22    Action dismissed.

23    ## II.    LEGAL ARGUMENT

24
### A.    Contrary To Plaintiff's Arguments, The Law Does Not Require Her Attorney's Presence To Discuss A "Formal Complaint," Nor Did The Meeting At Issue
25    Involve Negotiating The Terms And Conditions Of Plaintiff's Employment.

26    California Labor Code section 923 permits an employee to have a representative to *negotiate*

27    the terms and conditions of employment. *Robinson v. Hewlett-Packard Corp.*, 183 Cal.App.3d 1108,

28    1131-1132 (1986); *Montalvo v. Zamora*, 7 Cal.App.3d 69, 75 (1970).  Plaintiff incorrectly argues that

DEFENDANT CARGILL, INC.'S REPLY BRIEF IN          1
SUPPORT OF ITS MOTION FOR JUDGMENT ON
THE PLEADINGS ON PLAINTIFF'S SEVENTH
CAUSE OF ACTION

11038810.1

1    California Labor Code section 923 applied to her situation because the meeting at issue involved a

2    "formal complaint." *See* Pl.'s Opp., p. 7: 10 – p. 8: 23.  This contention fails to support her Seventh

3    Cause of Action.  Further, Plaintiff's characterization of the investigational interview as "negotiation"

4    of the terms and conditions of her employment also does not support her claim.

5         Plaintiff's characterization of the subject of the meeting at issue as concerning a "formal

6    complaint," rather than some sort of possibly less serious complaint, is merely a difference without a

7    distinction.  California Labor Code section 923 does not require that an employer allow an employee

8    to have her attorney present whenever it meets with her to discuss a complaint by the employee.

9    *Robinson, supra*, 183 Cal.App.3d at 1131-1132.  Contrary to Plaintiff's narrow reading of *Robinson*,

10   the court in that case did not limit its holding only to employee performance reviews.  Rather, it also

11   held that the statute does not require presence of an employee's attorney when an employer meets

12   with an employee to hear the employee's complaints, including complaints by the employee about

13   "poor management." *Id.* at 1132.  Here, the purpose of the meeting was to interview Plaintiff and

14   investigate her complaints about Patrick Mapelli's allegedly poor management.  *See* Complaint ¶¶ 32,

15   34-35.  Consequently, under *Robinson*, Cargill had no obligation to allow Plaintiff to have her

16   attorney present during the investigational interview.

17        Additionally, Plaintiff incorrectly argues that California Labor Code section 923 applied to

18   the investigational meeting because it somehow involved negotiating the terms and conditions of her

19   employment.  It did not.  As Plaintiff admits in her Complaint, the purpose of the meeting was not

20   negotiation, but rather "to conduct a formal investigation of Plaintiff's complaint."  Complaint ¶ 34.

21   *See also* Complaint ¶ 74.  The investigative purpose of the meeting removes it from the statute's

22   scope, as it did not involve "negotiating" the terms and conditions of Plaintiff's employment within

23   the meaning of California Labor Code section 923.  As used in the statute, "negotiate" means "to

24   confer regarding terms and conditions governing the employment . . ., which, so far as agreed upon,

25   would be incorporated in a contract." *Nutter v. City of Santa Monica*, 74 Cal.App.2d 292, 303

26   (1946).  Here, Plaintiff overreaches in arguing that that meeting concerned negotiation because the

27   formal investigation "would necessarily consider whether Mr. Mapelli would continue to be

28   Plaintiff's supervisor."  Pl.'s Opp., p. 8: 11-12.  Not only is this assertion speculation, Plaintiff does

DEFENDANT CARGILL, INC.'S REPLY BRIEF IN          2          11038810.1
SUPPORT OF ITS MOTION FOR JUDGMENT ON
THE PLEADINGS ON PLAINTIFF'S SEVENTH
CAUSE OF ACTION

not even claim that the meeting directly negotiated the terms and conditions of her employment. Instead, she claims that the investigation indirectly "would impact the circumstances regarding the terms and conditions of her employment." Pl.'s Opp., p. 8: 21-22. None of these points raised by Plaintiff involve negotiation as covered by the statute. Plaintiff has no legal right to select or negotiate whom her supervisor will be. Plus, even if the investigation resulting from her complaint led to a change to a supervisor other than Mapelli, such a change would not be a change in the terms and conditions of employment that "would be incorporated in a contract" between Cargill and Plaintiff. *Nutter, supra,* 74 Cal.App.2d at 303.

As a result, the investigative meeting did not implicate negotiation of the terms and conditions of employment, within the meaning of California Labor Code section 923, in any way. Finally, even if it did, Cargill cannot have violated the statute by excluding Plaintiff's attorney and not negotiating with that counsel. Again, while the statute gives an employee the right to designate a representative for negotiations of the terms and conditions of employment, it does not obligate an employer actually to engage in negotiations with the employee's representative. *Montalvo, supra*, 7 Cal.App.3d at 75. Thus, in any event, there cannot have been a violation of California Labor Code section 923.

**B.     Plaintiff's Allegations Do Not Assert Any Actionable Claim Of "Coercion."**

Plaintiff argues that she has stated a claim under California Labor Code section 923 because Cargill allegedly engaged in "coercion" in violation of the statute. This argument is unavailing. First of all, the pleadings, which are the operative document here, do not support Plaintiff's argument. Nowhere in Plaintiff's Complaint does she allege that Cargill "coerced" her or engaged in "coercion" in any manner. On that basis, this argument fails.

Second, the alleged "coercion" on which Plaintiff now relies does not constitute a violation of California Labor Code section 923. Rather than any type of coercion, Plaintiff merely claims that Cargill allegedly informed her incorrectly that it had a policy against employees having an attorney present during internal investigations, thus somehow coercing Plaintiff not to have her attorney present. *See* Pl.'s Opp., p. 6: 21 – p. 7: 8. There was no prohibited "coercion" in these allegations. Rather, even under a broad reading of these allegations, Plaintiff merely alleges that Cargill may have made a mistake in informing her that there was a written policy. Such a mistake, even assuming that

1   it occurred, is beside the point and did not violate the statute.  California Labor Code section 923

2   does not obligate an employer actually to engage in negotiations with an employee's representative.

3   *Montalvo, supra*, 7 Cal.App.3d at 75.  Nor does it entitle an employee to have a representative

4   present when she meets with her employer in a meeting that does not involve negotiation of the terms

5   and conditions of employment, as was the case with the investigational interview at issue.  *Robinson,*

6   *supra*, 183 Cal.App.3d at 1131-1132.  Thus, even if Cargill somehow led Plaintiff not to have her

7   attorney present at the meeting because of any incorrect information conveyed concerning whether it

8   had a written policy against having her attorney present, that act did not implicate the statute because

9   Cargill had no obligation to involve Plaintiff's attorney.  Accordingly, Plaintiff's "coercion"

10  argument does not support her Seventh Cause of Action.

11      **C.      The Seventh Cause Of Action Further Fails Because Plaintiff Does Not Claim**
            **That Cargill Took An Adverse Action Against Plaintiff For Exercising Her**
12          **Rights Under California Labor Code Section 923.**

13          Plaintiff's Seventh Cause of Action fails as a matter of law because she does not contend that

14  Cargill terminated her employment, or took any adverse action, *because* Plaintiff exercised her rights

15  under California Labor Code section 923.  Such a claim is the essence of a cause of action under the

16  statute.  Under California Labor Code section 923, "the individual employee has the right to

17  designate an attorney or other individual to represent him in negotiating terms and conditions of his

18  employment *[so] that his discharge for so doing constitutes a violation of Labor Code section 923*."

19  *Montalvo, supra,* 7 Cal.App.3d at 75 (emphasis added).  Plaintiff does not allege any such causal

20  nexus in her Complaint.  In her Opposition, Plaintiff further does not argue that Cargill terminated

21  her employment because she retained an attorney to represent her.  Without such causal nexus,

22  Plaintiff cannot maintain a claim under California Labor Code section 923.  On this basis as well,

23  Plaintiff's Seventh Cause of Action fails and should be dismissed.

24  //

25  //

26  //

27  //

28  //

DEFENDANT CARGILL, INC.'S REPLY BRIEF IN        4        11038810.1
SUPPORT OF ITS MOTION FOR JUDGMENT ON
THE PLEADINGS ON PLAINTIFF'S SEVENTH
CAUSE OF ACTION

III.    **CONCLUSION**

For the foregoing reasons, Cargill's Motion for Judgment on the Pleadings should be granted with respect to Plaintiff's Seventh Cause of Action.

DATED: June 5, 2008                          Respectfully submitted,


By:   __/s/ Paul R. Lynd_____
      PAUL R. LYND
      NIXON PEABODY LLP
      Attorneys for Defendants
      CARGILL, INC.