United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELORA MARSHALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARGILL, INC., PATRICK MAPELLI LES ICETON, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　／ | No. C 08-02422 WHA<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION TO REMAND; (2) DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; (3) GRANTING DEFENDANTS' MOTION TO DISMISS; AND (4) DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

**INTRODUCTION**

In this wrongful-termination action, plaintiff Delora Marshall seeks to remand the matter to state court. Defendants Patrick Mapelli and Les Iceton move to dismiss plaintiff's first through sixth claims as to themselves as individuals. Defendant Cargill, Inc., moves for judgment on the pleadings with respect to plaintiff's seventh claim. The central issue on the motion to remand is whether the complaint fails to state a claim against defendant Mapelli, whose presence destroys complete diversity and subject-matter jurisdiction. For the reasons stated below, this order holds that plaintiff cannot state a claim against the individual defendants. This order finds that the complaint states a claim as to the corporate defendant. Accordingly, plaintiff's motion to remand is **DENIED**. Defendants' motion to dismiss the individual defendants is **GRANTED**. Defendant Cargill's motion for judgment on the pleadings is **DENIED**.

**STATEMENT**

This order must accept all well-pled allegations in the complaint as true. Plaintiff Delora Marshall is a citizen of California. Defendant Cargill, Inc., is a Delaware corporation and has its principal place of business in Minnesota. Defendant Patrick Mapelli is a citizen of California and defendant Les Iceton is a citizen of Minnesota.

Cargill is a large, privately held company that purchases, processes, and distributes grain and other agricultural commodities. Plaintiff Delora Marshall was employed by Cargill for twenty years as a secretary and later as an administrative assistant at its office in Newark, California. Defendant Patrick Mapelli is a property manager at Cargill who became Marshall's supervisor in March 2007.

According to the complaint, Mapelli created a hostile work environment for Marshall by giving her substandard performance reviews, falsely accusing her of errors, documenting her arrivals, departures, breaks, and conversations with other employees, and disciplining her for going home to change her clothing after occasional outbreaks of incontinence.

In November 2007, plaintiff went on disability leave and was diagnosed with work-related stress. She subsequently submitted a formal complaint regarding Mapelli to the human resources manager at the Newark office. Marshall returned to work in March 2008. Shortly thereafter, a consultant hired by Cargill, Chris Newman, arrived to conduct an investigation of Marshall's complaint. Marshall requested her attorney's presence during her interview with Newman, but Newman informed her that this was prohibited by written Cargill policy. Marshall later learned that a written policy does not in fact exist. Mapelli terminated Marshall's employment on April 3, 2008. Marshall then filed this action in California state court on April 9 against defendants Cargill, Mapelli, and Iceton.[1]

The complaint alleged: (i) age discrimination; (ii) failure to prevent age discrimination; (iii) disability discrimination; (iv) wrongful termination; (v) retaliation; (vi) retaliation in

---

[1] The complaint states that Marshall went on disability leave in "November 2006" (Compl. ¶ 31). Presumably, the complaint meant to state that Marshall went on disability leave in November 2007, as it consistently states that Mapelli became Marshall's supervisor in March 2007 and cites Mapelli's conduct as the impetus behind Marshall's leave.

2

violation of public policy; and (vii) coercion in the negotiation of terms and conditions of employment in violation of Labor Code Section 923. The first through fifth claims alleged violations of the California Fair Employment and Housing Act. Plaintiff's claims are asserted against all defendants except for the seventh claim, which is asserted only against defendant Cargill.

Defendant Cargill answered the complaint on May 7, 2008. It then removed this action to federal court on May 12, contending that defendant Mapelli had been fraudulently joined and that diversity jurisdiction is therefore proper. On May 14, defendants Mapelli and Iceton filed this motion to dismiss plaintiff's first through sixth claims as to themselves as individuals. Defendant Cargill simultaneously moved for judgment on the pleadings with respect to plaintiff's seventh claim. Plaintiff moved to remand on May 15.[2]

## ANALYSIS

### 1. PLAINTIFF'S MOTION TO REMAND.

#### A. Legal Standard.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. 28 U.S.C. 1441(a). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing proper removal. Here, defendant has the burden of showing that diversity jurisdiction exists under 28 U.S.C. 1332 — namely, that plaintiff has different state citizenship from all properly named defendants. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[3]

If a defendant establishes fraudulent joinder, the presence of a non-diverse or resident defendant will not defeat diversity jurisdiction. To prove fraudulent joinder, a defendant must

---

[2] Defendants Mapelli and Iceton did not join in defendant Cargill's petition for removal. According to Cargill, the individual defendants had not been served notice when the petition was filed. Parties who have not been served are not required to join in a petition for removal. *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). Plaintiff does not dispute this point.

[3] Unless indicated otherwise, internal citations are omitted from all quotations.

3

show that "the plaintiff fail[ed] to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A defendant "need not show that the joinder of the non-diverse party was for the purpose of preventing removal" but must demonstrate instead "that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (Wilken, J). In determining whether a defendant has been fraudulently joined, the court may consider information outside the pleadings. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

### B. The Complaint Fails to State a Claim Against the Individual Defendants.

Defendant Cargill argues that removal to federal court is proper because defendant Mapelli is a "sham" defendant against whom plaintiff fails to state a claim. Plaintiff concedes that her first through fifth claims cannot be asserted against the individual defendants. Plaintiff argues that her sixth claim, however, *can* be maintained against Mapelli as an individual defendant. This claim alleges retaliation in violation of public policy. Defendant argues that this claim can only be asserted against employers and does not allow for individual liability. For the reasons below, this order agrees with defendant.

*First*, plaintiff incorrectly states that Mapelli can be held individually liable as an employer. She cites *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 178 (1980), and *Rojo v. Kliger*, 52 Cal. 3d 65, 91 (1990), in support of her proposition. These decisions recognized that *employers* may be liable on retaliatory discharge claims that violate public policy. They did not, however, establish individual liability or state that individuals could be deemed "employers."

Plaintiff next argues that Mapelli fits the definition of "employer" in the California Industrial Welfare Commission Wage Order that governed her employment and, thus, can be held individually liable. This authority is inapposite, inasmuch as the sixth claim does not involve an IWC wage order or the California Labor Code. Rather, the claim is "pursuant to the public policy and common law of the State of California" (Compl. ¶ 68). Plaintiff specifically

4

1  alleges that defendants violated public policy by retaliating against her for opposing unlawful
2  employment practices based on age and disability discrimination. Age and disability
3  discrimination are governed by FEHA — not the IWC Wage Orders. *See* Cal. Gov. Code
4  12940, *et seq.*; Cal. Code Regs. Title 8, 11010. Moreover, even in the wage-and-hour context,
5  the California Supreme Court has narrowly construed the IWC definition of "employer" and
6  refrained from imposing individual liability on supervisors. *See, e.g.*, *Reynolds v. Bement*,
7  36 Cal. 4th 1075, 1086–88 (2005). For these reasons, this order rejects plaintiff's argument.[4]

8  Plaintiff fails to cite any authority that individuals can be liable for common law claims
9  of retaliation. The California Supreme Court recently held that individuals cannot be liable for
10 retaliation under FEHA. *Jones v. The Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1160
11 (2008). Although *Jones* did not expressly abrogate individual liability for common law claims,
12 it was not presented with that precise issue. Faced with a similar issue but in a different
13 context, the California Supreme Court refused to hold individuals liable for common law claims
14 for wrongful termination where FEHA did not impose individual liability for discrimination.
15 *Reno v. Baird*, 18 Cal. 4th 640, 664 (1998).

16 *Gaw v. Arthur J. Gallagher & Co.*, 2008 WL 111238, *2 (N.D. Cal. 2008) (Illston, J.),
17 cited by defendant, confronted this precise issue. In considering a motion to remand, *Gaw* held
18 that individuals cannot be liable for retaliatory claims alleging violation of public policy.
19 It reasoned that "when the statute that gives rise to a claim does not impose individual liability
20 '[i]t would be absurd to . . . then allow essentially the same action under a different rubric
21 [*i.e.*, under the common law].'" *Ibid*. *Gaw* is persuasive and this order agrees with
22 its reasoning.

23 Lastly, plaintiff argues that even if her sixth claim is dismissed as to the individual
24 defendants, there are other viable claims that she *can state* against Mapelli — namely,

---

[4] Plaintiff states that her employment was governed by IWC Wage Order No. 4. This wage order defined an employer as: "any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Section 18 of the Labor Code defined person as any "person, association, organization, partnership, business trust, limited liability company, or corporation." According to defendant, IWC Wage Order No. 1 in fact applied to plaintiff's employment. Regardless, both wage orders contained the same definition of "employer."

5

harassment and defamation. As noted above, however, a fraudulent joinder analysis examines whether a plaintiff has already *stated* a cause of action against a resident defendant. Moreover, "[w]hether an action should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed." *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n.12 (9th Cir. 1989). Because plaintiff never stated causes of action for harassment or defamation in the complaint, such hypothetical claims cannot defeat a showing of fraudulent joinder. Accordingly, the merits of these claims need not be evaluated.[5]

This order concludes that the complaint fails to state a cause of action against defendant Mapelli. Defendant has met its burden in establishing fraudulent joinder. For the above-stated reasons, plaintiff's motion to remand is hereby **DENIED**. Of course, this ruling does not preclude plaintiff from filing an action against the individual defendants in state court on the as-yet-unasserted claims.[6]

### 2. DEFENDANTS' MOTION TO DISMISS.

Defendants Mapelli and Iceton move to dismiss plaintiff's claims as to themselves as individuals. A motion to dismiss under FRCP 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right

---

[5] Plaintiff requests judicial notice of administrative complaints submitted to the Department of Fair Employment and Housing, which asserted harassment claims against defendant Mapelli. Plaintiff argues that the administrative complaints placed Mapelli on notice of a potential harassment claim. Because potential claims not stated in the civil complaint are irrelevant for purposes of this motion, so too is judicial notice of the administrative complaints. Accordingly, plaintiff's request is denied.

[6] Plaintiff requests attorney's fees pursuant to 28 U.S.C. 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Because this order denies plaintiff's motion to remand, plaintiff's request for attorney's fees is moot.

6

to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007).

For the reasons discussed above, the complaint fails to state a claim against the individual defendants. Defendants' motion to dismiss defendants Mapelli and Iceton is hereby **GRANTED**.

### 3. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS.

Defendant Cargill moves for judgment on the pleadings with respect to plaintiff's seventh claim. "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss under FRCP 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party. *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1130–31 (N.D. Cal. 2005) (Walker, J.). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).[7]

Plaintiff's seventh claim alleges that defendant Cargill violated California Labor Code 923. This statute grants the individual employee "the full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment." It also guards against interference or coercion by an employer in the designation of such representatives.

Plaintiff argues that defendant violated Section 923 by preventing her from having her attorney present during an interview investigating her formal complaint of Mapelli. Defendant contends that these allegations fail to establish a claim. For the following reasons, this order disagrees.

---

[7] Cargill answered the complaint on May 7, 2008. The pleadings are therefore closed and defendant's motion for judgment on the pleadings is appropriate. Fed. R. Civ. P. 7(a). Plaintiff does not argue otherwise.

7

*First*, for Section 923 to apply, the investigational interview must have involved negotiation of the terms and conditions of plaintiff's employment. Defendant argues that the interview did not. It cites *Robinson v. Hewlett-Packard Corp.*, 183 Cal. App. 3d 1108, 1131–32 (1986), which construed "terms and conditions" narrowly and held that an employee does not have the right under Section 923 to have an attorney present during performance evaluations.

Plaintiff's investigational interview was *not* a performance evaluation. Rather, it related to her formal complaint about management. Although briefly mentioned as a logical correspondent to performance evaluations, *Robinson* did not extend its holding to employee complaints. *Id.* at 1132. Moreover, *Robinson* involved a plaintiff who requested the presence of his attorney any time the employer discussed the quantity or quality of his work. *Id.* at 1130. Here, plaintiff made *one* request to have her attorney present. The reduction in corporate efficiency with which *Robinson* was concerned is inapplicable.

Turning to statutory construction, *Robinson* defined "terms and conditions" tautologically and is of little help. *Id.* at 1132. *Nutter v. City of Santa Monica*, 74 Cal. App. 2d 292, 303 (1946), however, interpreted "negotiate" as meaning "to confer regarding terms and conditions governing . . . employment . . . which, so far as agreed upon, would be incorporated in a contract." Plaintiff's formal complaint accused Mapelli of "ageism" and "nepotism" (Compl. ¶ 32). This alleged conduct may have violated terms and conditions found in plaintiff's employment contract. It would be premature to conclude otherwise based only on the pleadings.

With respect to the right protected by Section 923, *Montalvo v. Zamora*, 7 Cal. App. 3d 69, 75 (1970), held that an employee "has the right to designate an attorney or other individual to represent him in negotiating terms and conditions of his employment [so] that his discharge for so doing constitutes a violation of Labor Code [S]ection 923." An employer, however, does not violate the statute by refusing to negotiate with the attorney so designated. *Ibid.*

Defendant contends that it cannot be liable under this section because plaintiff has not alleged a causal nexus between her termination and her request for an attorney's presence.

8

1  Indeed, plaintiff's seventh claim does not expressly state that her employment was terminated
2  because she requested her attorney's presence. While the decisions cited by defendant held that
3  an employer may be liable for discharging an employee because he or she designates a
4  representative, none stated that such an allegation is a prerequisite for liability. In fact,
5  *Montalvo* was much broader, holding that a violation of the statute occurs in *discriminating*
6  against an employee for exercising his or her right to designate a representative. *Ibid*.

7  Plaintiff's specific allegation is that defendant interfered with her right under
8  Section 923 when a consultant falsely informed her of a written Cargill policy prohibiting
9  her attorney's presence. Elsewhere in the complaint, plaintiff alleges age and disability
10 discrimination and cites numerous examples of discriminatory behavior by defendant
11 (Compl. ¶¶ 39–59). This order refuses to determine, based on the pleadings, that the
12 consultant's misinformation was not part of the broader pattern of discrimination borne
13 by plaintiff. Moreover, the complaint alleges wrongful termination and retaliation
14 (*id.* at 60–72). Although plaintiff did not explicitly allege that she was fired for requesting
15 her attorney's presence, it would be premature to conclude that her request played no role in
16 her termination given the proximity in time between the two events.

17 Lastly, allowing employers to provide employees with false information that interferes
18 with their right to associate with or to designate a representative runs counter to the
19 public policy of the state, as declared by Section 923. The statute recognizes that in dealing
20 with employers, "the individual organized worker is helpless to exercise actual liberty of
21 contract and to protect his freedom of labor, and thereby to obtain acceptable terms and
22 conditions of employment." Employees receive little protection under this statute if they may
23 be intentionally misled by their employers.

24 Accordingly, defendant's motion for judgment on the pleadings is **DENIED**.

**CONCLUSION**

26 For the foregoing reasons, plaintiff's motion to remand this matter to state court
27 is **DENIED**. Defendants' motion to dismiss plaintiff's claims as to the individual defendants
28

9

is **GRANTED**. Defendant Cargill's motion for judgment on the pleadings with respect to the seventh claim is **DENIED**.

An amended complaint asserting additional claims against the individual defendants will have no effect on subject-matter jurisdiction, as plaintiff's motion to remand must be considered based on the pleadings when the petition for removal was filed. Moreover, because plaintiff's first through sixth claims cannot be asserted against individual defendants, the defects of such claims cannot be cured through amendment. Accordingly, leave to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 20, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE